# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ROBERT BOWEN,                                   )
                                 )
       Plaintiff,                               )
                                 )
                                 )
v.                                              )    Civil Action #: _CV-05-21_
                                 )
AMERICAN MEDICAL SECURITY, INC.;                )
UNITED WISCONSIN LIFE INSURANCE                 )
COMPANY; AMSOUTH BANK;                           )
Defendants No. 1, 2, 3, 4 & 5, being the        )
correct legal designation for any entity         )
identified by name in the style of this cause;   )
Defendants No. 6, 7, 8, 9 and 10, being          )
the correct legal designation of that or those   )
persons or entities who sold, issued and/or      )
provided insurance coverage to the Plaintiff     )
as is described in the body of this Complaint;   )
Defendants No. 11, 12, 13, 14 and 15, being      )
the correct legal designation of that or those   )
persons or entities who underwrote and/or        )
provided underwriting services for the           )
insurance coverage and/or policy made the        )
basis of this suit; Defendants No. 16, 17, 18,   )
19 and 20, being the correct legal designation   )
or that or those persons or entities who         )
calculated, charged, computed, changed,          )
altered, increased and/or assessed any           )
premiums for the insurance coverage made the     )
basis of this suit; Defendants No. 21, 22, 23,   )
24 and 25, being the correct legal designation   )
or that or those persons or entities who         )
received any part or portion of any premium      )
paid for the insurance coverage made the         )
basis of this suit; Defendants No. 26, 27, 28,   )
29 and 30, being the correct legal designation   )
of that or those persons or entities who are or  )
were the predecessors or successors in interest  )
to any proper Defendant in this case;            )
Defendants No. 31, 32, 33, 34 and 35, being      )
the correct legal designation for that or those  )
persons or entities who at any time admin-       )
istered the insurance coverage made the          )
basis of this suit; Defendants No. 36, 37, 38,   )

FILED IN CIRCUIT CLERKS OFFICE MACON COUNTY, AL
2005 JAN 31 P 4: 20
EDDIE D. MALLARD CIRCUIT CLERK

39, and 40, being the correct legal designation )
of that or those persons or entities who )
committed those acts of breach of contract, )
fraud, negligence, wantonness and/or )
conspiracy as are outlined in the body of this )
Complaint; Defendants No. 41, 42, 43, 44 and )
45, being the correct legal designation of that )
or those persons or entities who are and/or )
were the principal, agent, employee or repre- )
sentative to any Defendant named in the style )
of this action or any Defendant described )
fictitiously by reference to any number 1 )
through 40; Defendants No. 46, 47, 48, 49 )
and 50, being the correct legal designation of )
that or those persons or entities who are and/or )
were acting as the alter-egos for any Defendant )
named in the style of this action or any )
Defendant described fictitiously by references )
to any number 1 through 50 from the time of )
the policy form and premium structure made )
the basis of this suit was first instituted and/or )
issued; all of whose correct legal identities )
are unknown at this time, but will be added )
by amendment or substitution when ascer- )
tained, )
                                       )
        Defendants. )

## COMPLAINT

    1.     Plaintiff Robert Bowen (hereinafter "Bowen") is a resident citizen of Macon County,

Alabama and is over the age of nineteen (19) years.

    2.     Defendants American Medical Security, Inc. (hereinafter "American Medical"),

United Wisconsin Life Insurance Company (hereinafter "United Wisconsin") are all believed to be

foreign business entities who have conducted and continue to conduct business by agent in the State

of Alabama, including Macon County.

3.      Defendant AmSouth Bank, (hereinafter "AmSouth") is an Alabama corporation actively conducting business by agent in the State of Alabama, including Macon County.

4.      Fictitious Defendants are described as follows: Defendants No. 1, 2, 3, 4 & 5, being the correct legal designation for any entity identified by name in the style of this cause; Defendants No. 6, 7, 8, 9 and 10, being the correct legal designation of that or those persons or entities who sold, issued and/or provided insurance coverage to the Plaintiff as is described in the body of this Complaint; Defendants No. 11, 12, 13, 14 and 15, being the correct legal designation of that or those persons or entities who underwrote and/or provided underwriting services for the insurance coverage and/or policy made the basis of this suit; Defendants No. 16, 17, 18, 19 and 20, being the correct legal designation or that or those persons or entities who calculated, charged, computed, changed, altered, increased and/or assessed any premiums for the insurance coverage made the basis of this suit; Defendants No. 21, 22, 23, 24 and 25, being the correct legal designation or that or those persons or entities who received any part or portion of any premium paid for the insurance coverage made the basis of this suit; Defendants No. 26, 27, 28, 29 and 30, being the correct legal designation of that or those persons or entities who are or were the predecessors or successors in interest to any proper Defendant in this case: Defendants No. 31, 32, 33, 34 and 35, being the correct legal designation for that or those persons or entities who at any time administered the insurance coverage made the basis of this suit; Defendants No. 36, 37, 38, 39, and 40, being the correct legal designation of that or those persons or entities who committed those acts of breach of contract, fraud, negligence, wantonness and/or conspiracy as are outlined in the body of this Complaint; Defendants No. 41, 42, 43, 44 and 45, being the correct legal designation of that or those persons or entities who are and/or were the principal, agent, employee or representative to any Defendant named in the style of this

3

action or any Defendant described fictitiously by reference to any number 1 through 40; Defendants

No. 46, 47, 48, 49 and 50, being the correct legal designation of that or those persons or entities who

are and/or were acting as the alter-egos for any Defendant named in the style of this action or any

Defendant described fictitiously by references to any number 1 through 50 from the time of the

policy form and premium structure made the basis of this suit was first instituted and/or issued; all

of whose correct legal identities are unknown at this time, but will be added by amendment or

substitution when ascertained. All claims, demands and averments as are contained in the body of

this Complaint are alleged and maintained against said Defendants. The term "Defendants" as is

used herein is intended to and does include both the named Defendants and those Defendants

described fictitiously. All acts which form the basis of this Complaint were committed by each and

every named Defendant and Defendants described fictitiously while in conspiracy, one with the

other.

### Facts

5.      On or about, *to-wit*: approximately November of 1995, an agent, servant, employee

and/or representative of Defendants American Medical, United Wisconsin, AmSouth, and/or one or

more of the fictitious party defendants listed and described hereinabove, did solicit the Plaintiff for

purposes of purchasing major medical insurance coverage. During the course of the solicitation, said

agent, servant, employee and/or representative of Defendants American Medical, United Wisconsin,

AmSouth, and/or one or more of the fictitious party defendants listed and described hereinabove, by

and/or on behalf of all other named Defendants and Defendants described fictitiously, did represent

to the Plaintiff that the insurance in question was guaranteed group insurance renewable upon

4

payment of premium from the Plaintiff. Based upon said representations, the Plaintiff agreed to purchase the comprehensive major medical coverage identified as group no. 2400-3751.

6.  At all times pertinent hereto, the subject health insurance policy was set up as an Alabama Discretionary Trust called "Prescription for Good Health Trust." Upon information and belief, Defendant AmSouth served as trustee for said trust.

7.  Plaintiff further avers that at the time said certificate of insurance was sold to the Plaintiff, the named Defendants and Defendants described fictitiously, did fail and/or refuse to inform the Plaintiff that while the policy and/or certificate in question was sold on the basis of it being a group policy, said Defendants did and would assess premiums and/or increases in premiums on the basis of individual risk factors. Further, said Defendants did fail and/or refuse to inform the Plaintiff that said premiums could be raised to such high levels that the Plaintiff would be forced to terminate the policy to reduce benefits or that the Plaintiff would no longer be able to afford the increased premiums because the Plaintiff was the only member of the group and premiums were calculated on the basis of individual underwriting criteria.

8.  Subsequent to the purchase of the above-described insurance policy, the Plaintiff submitted claims under the policy for routine medical treatment. Thereafter, said Defendants, both named and described fictitiously, did raise the Plaintiff's premium rates. The Plaintiff's monthly premium rate in November of 1995 was $89.48, and was increased in November of 1996 to $109.74. The premiums were raised to such a high level that the Plaintiff was no longer able to afford said coverage and was forced to cancel the policy.

9.  This action has been brought within two years of when the Plaintiff learned that the premiums on the policy would be increased based on individual criteria. This action was brought

5

within two years of the Plaintiff's receipt of notification of a class action filed against these Defendants in *Gadson v. American Medical Security, et al.* in the Circuit Court of Montgomery County, Alabama, CV-2002-1601.

10.    The Defendants, contrary to representations made at the time of the sale of the policy, systematically engaged in the practice of increasing its premiums in order to "tier" the Plaintiff resulting in the Plaintiff paying a premium which was in violation of the Alabama Insurance Regulations and the Alabama Insurance Code.

11.    In maintaining the claims, demands and averments as are set forth in this Complaint, the Plaintiff relies solely and totally on the law of the State of Alabama.

**COUNT ONE**

12.    Plaintiff adopts and realleges all preceding paragraphs.

13.    Plaintiff avers that the above-described conduct by the agent, servant, employee and/or representative of Defendants American Medical, United Wisconsin, AmSouth, and/or one or more of the fictitious party defendants listed and described hereinabove, was committed while said Defendants were working within line and scope of employment with and/or under the authority of the agency relationship with each and every named Defendant and/or Defendants described fictitiously, including but not limited to, Defendants American Medical, United Wisconsin and AmSouth. Said conduct as is described above constitutes breach of contract.

14.    As a direct and proximate result of the above described conduct, Plaintiff has been damaged and injured as follows:

a.    Plaintiff has lost the benefit of the coverage;

b.    Plaintiff has lost the value of the policy;

6

c.    Plaintiff has lost the benefit of premiums paid for coverage;

d.    Plaintiff has paid premiums for coverage that has and/or will provide no benefit;

e.    Plaintiff has lost interest on the above described losses;

f.    Plaintiff has suffered mental anguish; and

g.    Plaintiff claims all damages to which entitled by law.


## COUNT TWO

15.    Plaintiff adopts and re-alleges all preceding paragraphs.

16.    Plaintiff avers that the above-described conduct on the part of the agent, servant, employee and/or representative of Defendants American Medical, United Wisconsin, AmSouth, and/or one or more of the fictitious party defendants listed and described hereinabove, was committed while said Defendants were working within line and scope of the employment with and/or under the authority of the agency relationship with each and every named Defendant and/or Defendants described fictitiously, including but not limited to, Defendants American Medical, United Wisconsin and AmSouth. Further, the Plaintiff avers that said conduct constitutes negligent, reckless and/or intentional fraud in that the representations made to the Plaintiff were false and were known to be false when made. The Plaintiff relied to the Plaintiff's detriment on said representations in agreeing to purchase the certificate described herein. The Plaintiff did not discover the falsity of said representations until less than two years of the date of the filing of this Complaint when the Plaintiff began to receive premium notices wherein the premium had been raised to exorbitant amounts.

7

17.    As a direct and proximate result of the above-described conduct, the Plaintiff was injured and damaged as is set forth above.

### COUNT THREE

18.    Plaintiff adopts and re-alleges all preceding paragraphs.

19.    Plaintiff avers that the above-described conduct on the part of the agent, servant, employee and/or representative of Defendants American Medical, United Wisconsin, AmSouth, and/or one or more of the fictitious party defendants listed and described hereinabove, was committed while said agent, servant, employee and/or representative of the Defendants were working within line and scope of employment with and/or under the authority of the agency relationship with each and every named Defendant and/or Defendants described fictitiously, including but not limited to, Defendants American Medical, United Wisconsin, and AmSouth. Further, the Plaintiff avers that said conduct constitutes fraud by concealment, in that said Defendants did negligently, reckless and/or intentionally fail to inform the Plaintiff that the insurance was subject to individual risk assessment and/or that the premiums could be raised to amounts that would force the Plaintiff to forgo said coverage. Said Defendants did withhold this information from the Plaintiff in spite of an obligation to disclose the same by virtue of the Defendants superior knowledge of the product being sold. Plaintiff further avers that had the Plaintiff known of this material information, the Plaintiff would not have purchased the certificate of insurance described herein.

20.    As a direct and proximate result of the above-described conduct, the Plaintiff was injured and damaged as is set forth above.

### COUNT FOUR

21.    Plaintiff adopts and re-alleges all preceding paragraphs.

8

22.    Plaintiff avers that each and every named Defendant and/or Defendants described fictitiously have acted in consort and conspiracy with the other so as to issue the insurance that is the subject of this action in such a way that premiums could be increased to unaffordable amounts. Specifically, said Defendants have negligently, recklessly, fraudulently and by concealment sold the insurance at issue on the basis of group coverage, while at the same time assessing risk and premiums on an individual basis. Said Defendants have sold this insurance to persons such as the Plaintiff with knowledge that individual risk assessments could raise premiums to unaffordable amounts. Further, said Defendants have negligently, recklessly, fraudulently and by concealment engaged in a scheme to avoid the laws of the State of Alabama in the issuance of the certificate made the basis of this suit. Said Defendants have failed and/or refused to inform the Plaintiff of the manner and/or method by which the group policy was established so that the Plaintiff would be enticed to purchase the insurance in question.

23.    As a direct and proximate result of the above-described conduct, the Plaintiff was injured and damaged as is set forth above.

### COUNT FIVE

24.    Plaintiff adopts and re-alleges all preceding paragraphs.

25.    Plaintiff avers that each and every named Defendant and/or Defendants described fictitiously, have engaged in a pattern and/or practice of tier and/or individual rating, such that the Defendants would sell policies on a group basis, but would subsequently increase premiums based upon individual factors, such as a routine medical treatment claims made under their certificate. Thereafter, said Defendants did negligently, recklessly and/or fraudulently increase premiums paid by the Plaintiff and other members of the group who had filed routine claims under their certificate.

9

In doing so, said Defendants have committed the additional wrongs of breach of contract to the Plaintiff.

26.    As a direct and proximate result of the above-described conduct, the Plaintiff was injured and damaged as is set forth above.

**COUNT SIX**

27.    Plaintiff adopts and re-alleges all preceding paragraphs.

28.    Plaintiff avers that the conduct of each and every named Defendant and/or Defendants described fictitiously, constitutes negligence and/or wantonness in that said Defendants did fund, underwrite, administer and/or issue the policy of insurance made the basis of this suit in such a manner that the same would not be guaranteed renewable and, further, the Plaintiff would be subjected to exorbitant premiums which said Defendants knew or should have known the Plaintiff could not pay. In doing so, said Defendants did act either in their individual capacity or in concert, one with the other.

29.    The Plaintiff avers that the claims of negligence and/or wantonness as are enumerated herein are based upon those factual allegations set forth hereinabove.

30.    As a direct and proximate result of said negligent and/or wanton conduct, the Plaintiff has been injured as is set forth and described hereinabove.

**COUNT SEVEN**

31.    Plaintiff adopts and re-alleges all preceding paragraphs.

32.    Plaintiff avers that the conduct of each and every named Defendant and/or Defendants described fictitiously, have acted as the agent, insurer, reinsurer, administrator, underwriter,

10

successor in interest or have assumed the role of agent, insurer, reinsurer, administrator, underwriter or successor in interest with regard to the policy of insurance sold to the Plaintiff.

33.     By averring or alleging that each of the above named Defendants knew or should have known of the manner and method in which the policy and premiums made the basis of this suit were administered and/or calculated, including, but not limited to, tier rating and individual risk assessment. If said Defendants did not know, or have reason to know, of said premium practices, said Defendants have approved of all conduct described in the Complaint and/or have, with forethought, refused to take corrective actions so that the policy could perform as sold.

34.     Defendants had a retained right of control over the manner and method in which the premiums which were assessed to the Plaintiff's policy were determined. Accordingly, all said Defendants, have acquiesced and/or approved of the manner and method in which the Plaintiff's premiums were calculated. Accordingly, each said Defendant, through its own actions or retained right of control, have committed those acts of breach of contract, negligence, wantonness, fraud, concealment and/or breach of good faith and fair dealing as is set forth hereinabove.

35.     The Plaintiff avers that the conduct of all Defendants including Defendants fictitiously identified, constitutes negligent and/or wanton issuance, administration and/or pricing of the Plaintiff's policy in that said Defendants marketed and/or sold the policy made the basis of this suit on a group basis, but have engaged in individual and/or tier rating for purposes of premium pricing. Said Defendants had a duty and obligation by law to administer, maintain and price the policy made the basis of this suit in such a fashion that the Plaintiff could possibly afford coverage for herself; alternatively, said Defendants had a duty and obligation by law to price the Plaintiff's policy on a group basis, as opposed to charging the Plaintiff premiums after individual and/or tier

11

rating assessments. Said obligations on the part of the Defendants existed as a result of the policy made the basis of this suit being sold as a group policy. Further, the Alabama Insurance Department Regulation and the Insurance Code, strictly prohibit the assessment of premiums on the Plaintiff's policy as accomplished by the Defendants.

36.    As a direct and proximate result of the aforesaid conduct of the Defendants, the Plaintiff has been injured as is set forth and described hereinabove.

## COUNT EIGHT

37.    Plaintiff adopts and re-alleges all preceding paragraphs.

38.    After inducing the Plaintiff to purchase the policy in question, the Defendants participated and engaged in a deliberate course of individual and corporate conduct which concealed from the Plaintiff the nature and extent of the deceptive sales practices used to sell the policy.

39.    The concerted actions of the Defendants were designed to, and did, in fact conceal from the Plaintiff the deceptive acts and actuarial practices upon which the sale to the Plaintiff had been made.

40.    The Plaintiff did not, and could not through the exercise of reasonable diligence, discover that he had been misled by the Defendants deceptive sales tactics and intricate scheme of fraud and concealment.

41.    As a direct and proximate result of the aforesaid conduct of the Defendants, the Plaintiff has been injured as is set forth and described hereinabove.

## COUNT NINE

42.    Plaintiff adopts and re-alleges all preceding paragraphs.

12



43.    Defendant AmSouth owes a common law fiduciary duty to the Plaintiff.  For the reasons set out above, this Defendant has breached that fiduciary duty.  Plaintiff has been damaged by the aforesaid breach of fiduciary duty.  Defendant breached its fiduciary duty in such a way as to want imposition of punitive damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and/or severally, in such sums of compensatory and punitive damages as the jury may assess after a fair and accurate consideration of the facts of this cause.

TED L. MANN
DAVID M. COWAN
Attorneys for Plaintiff,
Robert Bowen

OF COUNSEL:

Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, AL 35209
(205) 879-9661

KEITH THOMAS
Attorney for Plaintiff,
Robert Bowen

OF COUNSEL:

Keith Thomas, Esq.
P. O. Box 830899
Tuskegee, AL  36083

13

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

_____
OF COUNSEL

### DEFENDANTS' ADDRESSES:

American Medical Security, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

United Wisconsin Life Insurance Company
Post Office Box 19032
Green Bay, WI   54307-9032

AmSouth Bank
1900 5th Avenue North, 10th Floor
Birmingham, Alabama 35203

**PLEASE SERVE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

14