IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ROBERT BOWEN, )
)
      Plaintiffs, )
)
v. )
) CIVIL ACTION NO. CV-05-21
AMERICAN MEDICAL SECURITY, INC., )
et. al., )
)
      Defendants. )

## DEFENDANT AMSOUTH BANK'S MOTION TO DISMISS

1. Defendant AmSouth Bank ("AmSouth"), pursuant to Rule 12(b)(6) of the *Alabama Rules of Civil Procedure*, moves this Court for an Order dismissing it from this case because Plaintiff's Complaint fails to state a claim against AmSouth upon which relief may be granted. In support of this motion, AmSouth shows the following:

2. On January 31, 2005, Plaintiff filed a lawsuit against, *inter alia*, AmSouth. Specifically, Plaintiff sued AmSouth based on its position as "the trustee of the Prescription For Good Health Trust" (the "Trust"). (*See* Complaint, ¶6). However, as set forth below, Plaintiff has failed to state a viable cause of action against AmSouth.

3. In his Complaint, Plaintiff demands relief from AmSouth only for alleged breach of fiduciary duty. (*See* Complaint, Count Nine). With respect to the other counts in his Complaint, Plaintiff alleges the independent soliciting insurance who assisted Plaintiff in procuring the subject coverage was an employee or agent in fact of AmSouth. This contention is completely without merit and presumably was placed in the Complaint solely due to the clear statute of limitations bar presented to the fiduciary duty claim. Simply put, Plaintiff's Complaint

fails to state a claim against AmSouth upon which relief can be granted. *Ala.R.Civ.P. Rule 12(b)(6)*.

4.   The crux of Plaintiff's claims is that other defendants in the case, namely United Wisconsin Life Insurance Company ("UWLIC") and American Medical Security, Inc. ("AMS"), improperly calculated the premiums charged for group health insurance. However, as is clearly set forth in the Prescription for Good Health Trust Agreement, AmSouth has no responsibility for administration of the MedOne health coverage at issue. (*See* "Prescription for Good Health Trust Agreement," attached hereto and referred to herein as Exhibit 1).[1]  Indeed, AmSouth has no discretionary authority whatsoever. *Id.*  Consequently, Plaintiff's claims based upon calculation of his premiums should be dismissed.

5.   Moreover, Alabama's statute of limitations for breach of fiduciary duty is two years. *Ala. Code* 6-2-38(1); *Casassa v. Liberty Life Ins. Co.*, 949 F. Supp. 825, 828 (M.D. Ala. 1996). The fiduciary duty claim against AmSouth in this case is clearly time-barred because the coverage at issue was procured in November 1995. (*See* Complaint, ¶ 5). Plaintiff did not file his Complaint in this case until January 31, 2005, well after the statute of limitations had expired on his purported claim against AmSouth.

---

[1] The fact that AmSouth attached of copy of the Trust Agreement does not convert this motion to dismiss into a motion for summary judgment. *See Carpenter v. Mobile County*, 841 So. 2d 1237, 1239 (Ala. 2002) (Because the contract was referenced in the complaint, the fact that the trial court considered the agreement does not require the conversion of defendant's motion to dismiss into a motion for a summary judgment under the provisions of *Ala.R.Civ.P.* Rule 12(c)).



WHEREFORE, AmSouth respectfully requests that the Court enter an Order dismissing Plaintiff's claim against AmSouth.

**ORAL ARGUMENT REQUESTED.**

Respectfully submitted,

_____
James E. Fleenor, Jr. (FLE-013)
Harlan F. Winn, III (WIN-023)
Michael J. Clemmer (MJC-029)
Attorneys for Defendant
AMSOUTH BANK

**OF COUNSEL:**

BATTLE, FLEENOR, GREEN,
   WINN & CLEMMER LLP
The Financial Center, Suite 1150
505 North 20th Street
Birmingham, Alabama 35203

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following counsel of record by placing same in the United States mail, postage prepaid, addressed as follows:

Ted L. Mann, Esq.
Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, Alabama 35209

on this the ___ day of _____, 2005.

_____
OF COUNSEL