

RECEIVED
MAY 0 2 2001
HARE & CLEMENT

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

SHARON JACKSON,

Plaintiff,

v.

UNITED WISCONSIN LIFE INSURANCE COMPANY; AMERICAN MEDICAL SECURITY, INC., et al.,

Defendants.

CASE NO. CV-98-103

## ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDMENT AND SECOND AMENDMENT TO HER COMPLAINT

This matter is before the court on defendants' Motion to Dismiss Plaintiff's Amendment and Second Amendment to her complaint filed on July 17, 2000. After reviewing the pleadings, the arguments of counsel, the applicable statutory law and relevant case law, this court is of the opinion that the defendant's request for dismissal of both amendments is due to be GRANTED.

### ALABAMA TRADE PRACTICES LAW

Alabama Code § 27-12-1 *et seq.*, referred to as the "Trade Practices Law," outlines a system created by the Alabama legislature in order to regulate the insurance industry. Within this system of regulation is a commissioner who is given specific powers and duties to effectuate the administration and regulation of all laws relating to insurance rates and rating systems of insurance companies doing business within the state of Alabama. Ala. Code § 27-13-2. Among these powers expressly conferred or reasonably implied from the code are the power to approve insurance policy forms and endorsements; to approve rates and rating systems; to conduct examinations and investigations into





insurance matters as deemed proper; and, to invoke any legal, equitable or special remedy necessary to enforce the law. Ala. Code § 27-2-7 (1975).

These powers conferred on the commissioner are discussed extensively by the District Court in Allen v. State Farm Fire and Cas. Co., 59 F. Supp. 2d 1217 (S.D. Ala. 1999). In Allen, insureds brought a purported class action against the defendant insurance companies alleging breach of contract. 59 F. Supp. 2d at 1220. The court dismissed the plaintiff's complaint. As grounds for said dismissal, the court found that the insurance commissioner had the "exclusive authority to regulate the purported improper trade practices" and the plaintiffs would therefore need to present their claims to the insurance commissioner for consideration prior to filing a class action lawsuit as Alabama provides no private cause of action in this instance. Allen, 59 F. Supp. 2d at 1222.

In reaching this decision, the court analyzed the commissioner's role as set out by the legislature in Title 27 of the Code of Alabama and found that the "Alabama legislature has vested the commissioner with the discretion to determine whether a particular rate or rating system...is adequate and non-discriminatory." Id. The court in Allen recognized that the regulation of insurance rates and rating systems is a purely legislative function in Alabama. 59 F. Supp. 2d at 1229. The legislature created the department of insurance and gave this department the power to regulate, therefore preventing the courts from becoming enmeshed in the rate-making process. Id. The statutory process established by the Alabama legislature is self-policing and should not be undermined by a court. Id. at 1229.

Based on the designation of an insurance commissioner with broad authority to enforce rates and rating systems, the court in Allen found that the Trade Practices Law did not provide for a private cause of action. 59 F. Supp. 2d at 1230 (citing Earlow v. Union Central Life Ins. Co., 874 F.2d 791, 785 (11th Cir. 1989)). Instead, the Trade Practices Law designates the commissioner as the enforcer by specifically outlining remedies the commissioner may use and the procedures for pursuing those remedies. Id.



Following the reasoning of the District Court's decision in Allen, this court finds that the power to regulate insurance rates and the authority to remedy insurance rate violations has been instilled in the Department of Insurance, specifically the commissioner. This was and is the intent of the legislature as evidenced by Title 27 of the Code of Alabama. Therefore, this court cannot usurp the commisioner's power nor the legislature's intent.

THE FILED-RATE DOCTRINE

The court in Allen looked beyond the commissioner's power and the courts lack of power to further determine that the filed-rate doctrine also barred the plaintiff's lawsuit against the defendant insurors. "The filed-rate doctrine prohibits collateral challenges to rates set by a regulatory agency thereby preserving the authority of such agency over determinations of the reasonableness of rates and insuring that entities charge only those rates that the agency has approved." Allen, 59 F. Supp. 2d at 1227. "Simply stated, the doctrine holds that any 'filed rate'-- that is, one approved by the governing regulatory agency--is per se reasonable and unassailable in judicial proceedings...." Allen, 59 F. Supp. 2d at 1227 (citing Wegoland Ltd. v. NYNEX Corp., 27 F.3d 17,18 (2nd Cir. 1994)).

The defendants assert that the plaintiff's lawsuit is barred by the filed-rate doctrine as the court in Allen similiarly determined. The plaintiff argues that the filed-rate doctrine does not apply in this instance because the breach of contract alleged by the plaintiff is with regards to the defendant's classification of members as individuals in a group policy and not with regards to rates. This argument is not well taken when viewed in concert with the plaintiff's pleadings in this matter.

In the plaintiff's Second Amended Complaint, the plaintiff specifically mentions the rate plan filed with the State of Alabama Department of Insurance and alleges that the defendant's actions were contrary to that rate plan and structure. These allegations in the Second Amended Complaint do not support the plaintiff's contention that the breach of contract occurred in the wrong classification of the plaintiff but instead supports the