IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

ROBERT BOWEN, )
)
      Plaintiffs, )
)
v. )
) CIVIL ACTION NO. CV-05-__
AMERICAN MEDICAL SECURITY, INC., )
et. al., )
)
      Defendants. )

## MOTION TO QUASH AND FOR PROTECTIVE ORDER

COME NOW defendants American Medical Security, Inc. ("AMS") and United Wisconsin Life Insurance Company ("UWLIC") (together "Defendants") and respectfully request the Court enter an Order quashing Plaintiff's Deposition Notices issued with the Summons and Complaint and further for a Protective Order concerning other discovery matters addressed herein. In support of their motion, defendants submit the following:

1. This is a health insurance case. The action began on January 31, 2005, when Plaintiff filed suit against United Wisconsin Life Insurance Company ("UWLIC"), American Medical Security, Inc. ("AMS") and AmSouth Bank. (See Complaint). The plaintiff's claims against AMS and UWLIC relate to a major medical group insurance policy issued by UWLIC and administered by AMS. The coverage at issue is known as the "Med One" policy. Plaintiff directs his claims at the tier rating process formerly utilized by defendants in determining the renewal premium rates on the Med One policies. Plaintiff contends the Med One policy was not a group policy as represented at the time of sale because the tier rating system resulted in his individual health diagnosis being considered as one factor in determining his renewal premium rate.

2. Here, plaintiff seeks the testimony of various individual employees of AMS. (See Exhibit 1). As shown below, plaintiff's attempt to individually notice the depositions of AMS employees is in direct conflict with prevailing Alabama practice and clearly violates the express provisions of Rule 30(b)(6) of the Alabama Rules of Civil Procedure.

3. Plaintiff asks the defendants to make certain out of state individuals available for deposition. Under the Alabama Rules of Civil Procedure, AMS, a corporation like UWLIC, is only required to make corporate representatives designated pursuant to Rule 30(b)(6) available for depositions. Rule 30(b)(6) provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Ala. R. Civ. P. 30(b)(6)

4. Parties cannot deviate from Rule 30(b)(6) and require specifically identified employees to attend a deposition absent a properly served subpoena. Powers v. CSX Transp., Inc., 2001 WL 1190243. In Powers, the United States District Court for the Southern District of Alabama held that requiring depositions of employees that were not designated as 30(b)(6) representatives was "an inappropriate use of Rule 30(b)(6)." 2001 WL 1190243 at *4 (S.D. Ala. 2001). The Court stated that Rule 30(b)(6) "requires the requesting party to identify 'the matters on which examination is requested,' leaving it to the organization to identify one or more deponents. Id. (quoting Ala. R. Civ. P. 30(b)(6)). "[T]he corporation cannot be required to produce persons, even employees, who are deposed in their individual capacity rather than as 30(b)(6) representatives of the corporation." Id. "[T]he plaintiff must serve the deponents themselves along with any required fees." Id.

2

5.  Plaintiff has provided absolutely no basis for requiring defendants to make individual employees available when plaintiff is capable of obtaining information from defendants through corporate representative depositions. By all appearances, plaintiff is simply attempting to harass defendants by having them make an unreasonable number of employees available for deposition unnecessarily. Because defendants are not required to make these individuals available for deposition, plaintiff, if he truly deems these depositions to be necessary, should follow the procedure provided by the rules and subpoena these individuals in their individual capacity.

6.  As such, defendants request the Court enter an Order quashing plaintiff's deposition notices directed to AMS' individual employees.

7.  Moreover, plaintiff has insisted on noticing the individual depositions of high-ranking corporate executives of the defendants, despite the fact that other corporate representatives could possibly be offered as deponents with equal or greater knowledge. For example, the plaintiff has noticed the deposition of Mr. Sam Miller, CEO of AMS. Defendants submit Mr. Miller's deposition was noticed for the sole purpose of harassing defendants.

8.  Other courts addressing this issue have reached similar conclusions, finding depositions of high level corporate officers to be oppressive and burdensome, particularly when the information sought could be obtained by deposing subordinates or through other forms of discovery. See Baine v. General Motors, 141 F.R.D. 328 (M.D. Ala. 1991); see also Scroggins v. Air Cargo, Inc., 534 F.2d 1124 (5th Cir. 1976); Mulvey v. Chrysler Corp., 106 F.R.D. 364 (D.R.I. 1985); Community Federal Savings & Loan Association v. FHLBB, 96 F.R.D. 614 (D.D.C. 1983); M. A. Porazzi Co. v. Mormaclark, 16 F.R.D. 383 (So. Dist. N.Y. 1951); Colonial

Capital Co. v. General Motors, 29 F.R.D. 514 (D. Conn. 1961); Skookum Co. v. Southelin Mach. Works, Inc., 33 F.R.D. 19 (D. Ore. 1963).

9. Plaintiff has not demonstrated that Mr. Miller has unique knowledge of any of the issues involved in this case, therefore the Court should apply the reasoning in the above-cited cases and require plaintiff to obtain information from other, less burdensome sources. The Court should not order Mr. Miller's deposition unless and until plaintiff can establish he has been unable to obtain the sought after information from other sources after making reasonable efforts to do so. Thus, defendants request a Protective Order denying plaintiff the opportunity to depose Mr. Miller until and unless he can demonstrate a profound need for his testimony.

10. Additionally, plaintiff has noticed the depositions to occur in Tuskegee, Alabama. AMS has its principal place of business in the State of Wisconsin. Thus, noticing these depositions for Tuskegee, Alabama presents a significant travel and expense burden on the defendants.

11. It is "well-settled" that "[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." Salter v. Upjohn Co., 593 F. 2d 649, 651 (5th Cir. 1979); Ex parte McNally, 537 So. 2d 928, 929 (Ala. 1988) ("ordinarily a nonresident defendant should not be required to travel to the site of a deposition in the forum chosen by the plaintiff"); Ex parte Armstrong, 412 So. 2d 772, 773 (Ala. 1982); Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993). This rule is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum." Payton, 148 F.R.D. at 669; Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987). Thus, plaintiff "cannot complain if they must take discovery at great distances from the forum." Id. at 669.

12. Based on the above, plaintiff's deposition notices scheduling the depositions of defendants and/or their representatives and employees in a location other than their principal place of business is improper. Thus, defendants respectfully request this Court enter a Protective Order enjoining plaintiff from taking the depositions of these defendants in a location other than their principal place of business.

13. In addition, defendants maintain that they should be allowed to depose the plaintiff prior to any depositions of the defendants. As the Court is aware, plaintiff has asserted several claims of fraud in this matter.

14. Because fraud allegations are involved, defendants have the right to know the particular assertions made against them so that plaintiff may not conduct a "fishing expedition" during defendants' depositions to attempt to establish some sort of fraud against them.

15. Thus, defendants also respectfully request this Court enter a Protective Order enjoining plaintiff from proceeding with any depositions of defendants prior to the date the defendants take the deposition of the plaintiff.

16. Based on the foregoing, the Court should grant the instant motion.

WHEREFORE, defendants request that the Court issue the following:

    A. An Order quashing plaintiff's deposition notices directed at the individual employees of AMS issued with the Summons and Complaint ;

    B   A Protective Order denying plaintiff the opportunity to depose Mr. Sam Miller until such time as the plaintiff can establish the need for his testimony;

    C. A Protective Order enjoining plaintiff from taking the depositions of these defendants in a location other than their principal place of business; and

D.  A Protective Order allowing the defendants to conduct the deposition of the plaintiff prior to any depositions of the defendants.

### ORAL ARGUMENT REQUESTED.

Respectfully submitted,



James E. Fleenor, Jr. (FLE013)
Harlan F. Winn, III (WIN023)
Michael J. Clemmer (CLE029)

Attorneys for Defendants,
AMERICAN MEDICAL SECURITY, INC.,
UNITED WISCONSIN LIFE INSURANCE CO.
AND AMSOUTH BANK

**OF COUNSEL:**

BATTLE FLEENOR GREEN
  WINN & CLEMMER LLP
The Financial Center, Suite 1150
505 North 20th Street
Birmingham, Alabama 35203

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following counsel of record by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the ___7___ day of __March__, 2005:

Ted L. Mann, Esq.
MANN, COWAN & POTTER, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, Alabama 35209

OF COUNSEL