IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| ROBERT BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) CV-05-21 |
| AMERICAN MEDICAL SECURITY, INC.; | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

COPY

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
AMSOUTH BANK'S MOTION TO STRIKE JURY DEMAND**

COMES NOW the Plaintiff, Robert Bowen, and files this brief in opposition to AmSouth Bank's (hereinafter "AmSouth") Motion to Strike Jury Demand. As grounds in support, Plaintiff would say as follows:

**FACTS**

Plaintiff filed this action on January 31, 2005. In essence, Plaintiff alleges that an agent, servant, employee or representative of the Defendants, American Medical Security, Inc., United Wisconsin Life Insurance and AmSouth misrepresented the terms of the insurance in question that the policy was a group insurance plan and the Defendants, at the time of sale, would assess premiums and/or increases premiums on the basis of individual risk factors. There are nine causes of action plead by Plaintiff.

Count I is a count alleging the agent, at the time of the alleged wrongdoing, was the agent, servant and employee of the Defendants and such act "was committed while said Defendants were working within the line and scope of employment and/or under the authority of the agency relationship with each and every named Defendant and/or Defendants described fictitiously,

including but not limited to, Defendants American Medical, United Wisconsin and AmSouth."

In Count II, Plaintiff alleges that the agent, servant and employee of the Defendants, including AmSouth, negligently, recklessly and/or intentionally misrepresented material facts to the Plaintiff.

Count III alleges that the agent, servant and employee of the Defendants, including AmSouth, suppressed material facts from Plaintiff. In Count IV, Plaintiff alleges that the Defendants acted in consort and conspiracy with each other. Count V alleges a claim for breach of contract against all Defendants, including AmSouth. Counts VI and VII plead a cause of action for negligence and/or wantonness against all Defendants, including AmSouth. Count VIII is a claim for fraudulent deceit and, lastly, Count IX is a claim for breach of fiduciary duty against all Defendants.

The allegations by Plaintiff are dramatically different than those plead by *Robert T. Bennett, et al. v. American Medical Security, et al.*, Circuit Court of Barbour County, Alabama, Eufaula Division, CV-01-269; *Ashwin Allen Patel v. American Medical Security, et al.*, Circuit Court of Barbour County, Alabama, Eufaula Division, CV-03-5; *Bernard C. Cox, et al. v. American Medical Security, et al.*, Circuit Court of Barbour County, Alabama, Eufaula Division, CV-03-155; and *Helms v. American Medical Security, et al.*, Circuit Court of Barbour County, Alabama, Eufaula Division, CV-02-189. Please see attached Exhibits A, B, C and D.

In the *Bennett, Patel* and *Cox* Complaints, the plaintiffs do not allege that the individual defendant who sold these policies to the plaintiffs was an agent, employee or servant of AmSouth Bank or any other defendant. In the *Helms* case, Mr. Helms did not allege that Ronald Mike Stell and/or G. Perry Green were agents, employees or servants of AmSouth Bank. Lastly and most importantly, the only allegations that these plaintiffs made was a count for breach of fiduciary duty

2

on behalf of AmSouth. In other words, the allegations made by the Barbour County plaintiffs are for damages based upon breach of fiduciary duty by AmSouth. Please see attached Exhibits A, B, C and D.

Plaintiffs Bennett, Patel, Cox and Helms did not file a brief in opposition to AmSouth's motion to strike the jury demand. The reason being, as outlined by AmSouth's Motion to Strike in this case, is that the courts possess exclusive equitable jurisdiction over remedies for a beneficiary against a trustee. Please see attached Exhibit E, case action summary sheets.

## LAW

I. **Plaintiff had a Constitutional Right to Have His Claims Decided by a Jury Against AmSouth Bank Because Both Equitable and Legal Claims are Presented in One Action.**

This Court has long recognized that Article I, § 11, Constitution of Alabama of 1991, provides the right to a jury trial in those cases that involve purely legal claims.[1] See *Ex parte Thorn*, 788 So.2d 140, 142 (Ala. 2000) (quoting *W & H Mach. & Tool Co. v. National Distillers & Chem. Corp.*, 291 Ala. 517, 520, 283 So.2d 173, 175-76 (1973) (citing in turn *Tillery v. Commercial Nat'l. Bank*, 241 Ala. 653, 4 So.2d 125 (1941); *Alford v. State*, 170 Ala. 178, 188, 54 So. 213, 215 (1911); *Montgomery & Florida Ry. v. McKenzie*, 85 Ala. 546, 549 5 So. 322 (1888))); see also Rule 38 Ala.R.Civ.P. It is equally well settled that the constitution does not provide a right to a jury trial for the resolution of factual issues for parties alleging equitable claims. See *Ex parte Thorn*, 788 So.2d at 143 (citing *Finance Inv. & Rediscount Co. v. Wells*, 409 So.2d 1341, 1343 (Ala. 1981) (citing in turn *Pugh v. Calloway*, 295 Ala. 139, 325 So.2d 135 (1976))). However, since the merger of law and equity in 1973 with the adopting of the Alabama Rules of Civil Procedure, see Rule 2,

---

[1] Ala. Const. 1901, Art. I, § 11, provides: "That the right of trial by jury shall remain inviolate."

3

Ala.R.Civ.P., courts have been presented with cases that contain both issues to be tried by a jury and issues to be tried by the court. In those cases, the test for determining whether a party has a right to a trial by jury is: "[I]f an issue is of a sort which [before the adoption of the Alabama Rules of Civil Procedure] would have been tried to a jury, then the party has a constitutional right . . . to have it tried to a jury under the merged procedure." *Ex parte Thorn*, 788 So.2d at 143 (quoting Committee Comments to Rule 38, Ala. R. Civ. P.).

When legal and equitable claims are presented in one action, the trial court must resolve the equitable claims in a way that does not impinge on a party's right to a jury trial as to the legal claims. See *Ex parte Taylor*, 828 So.2d 883 (Ala. 2001); *Ex parte Thorn*, 788 So.2d at 140. Purely legal claims, as well as factual issues common to the legal and equitable claims, must be determined by a jury; the remaining issues are then to be decided by the trial court. See *Ex parte Taylor*, 828 So.2d at 883; *Ex parte Thorn*, 788 So.2d at 140. "Accordingly, when both legal and equitable claims are joined in one action, then, the trial judge must arrange the order of trial so that the judge's decision on the equitable issues does not operate to deny a trial by the jury of the legal issues. See *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (stating that 'only under the most imperative circumstances, . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims') accord *Crommelin v. Fain*, 403 So.2d 177, 185 (Ala. 1981). A jury first must decide any factual issues that are purely legal in nature, along with any factual issues common to the legal and equitable claims. See *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) (holding that because the factual issues relating to the petitioner's breach of contract claim '[were] common with those upon with [the] respondents' claim to equitable relief [was] based, the legal claims involved in the action [had to] be determined prior

4

to any final court determination of respondents' equitable claims'); See also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2302.1, at 29 (2d ed. 1995); Champ Lyons, Jr., *Alabama Rules of Civil Procedure Annotated*, § 2.2 at 24 (3d ed. 1996) ('[Beacon Theatres] held that the questions of fact common to the legal and equitable [claims] must be decided first by the jury, for to permit the court to make findings on these common issued of fact would deprive the litigant of his right to [a] jury trial.') Once those factual findings are made, the trial judge must determine the remaining equitable issues. See *Dairy Queen*, 369 U.S. at 470, 82 S.Ct. 894. "... In addition, *those factual questions that are purely legal in nature, as well as those common to the legal and equitable issues, must first be decided by the jury. Dairy Queen, Inc., supra.*" *Ex parte Thorn*, 788 So.2d at 144-45 (emphasis added).

In *Wootten v. Ivey*, 877 So.2d 585 (Ala. 2003), property owners brought a nuisance action against Jeffrey Wootten, Marty Wootten and Gold Kist alleging that their land had been damaged as a result of the Defendant's operation of a hog farm. The plaintiffs allege that the hog farm created a nuisance and sought money damages, injunctive relief and attorney's fees.

A jury returned a verdict in favor of all defendants as to each of the plaintiffs' claims for nuisance. After the verdict, the trial court entered a judgment for the defendants as to damages only and not a judgment on the claims for equitable relief. The trial court stated that it would determine whether equitable relief was warranted by considering the evidence presented at trial. Thereafter, the trial court conducted hearings at which additional evidence was presented. On January 9, 2002, the trial court entered a judgment on plaintiffs' claim for injunctive relief in which the defendants filed a motion to alter, amend or vacate the trial court's judgment of January 9, 2002. The trial court denied the motions and an appeal ensued.

On appeal, the defendants argued that the trial court, by determining that a nuisance existed that the jury had already determined one did not exist, deprived him of the right to a trial by jury. The defendants assert they are entitled to a jury trial as the plaintiffs' claim for money damages, although they acknowledge that they did not have a right to a jury trial as to the plaintiffs' claim for injunctive relief. The defendants further contend that because whether a nuisance existed is a factual issue, to both the legal claim for money damages and an equitable claim for injunctive relief, the factual issue was decided by a jury when it decided the legal claim for money damages. According to the defendants, because the issue of whether a nuisance existed was properly submitted to and decided by the jury, the jury's findings on that issue are binding on the trial court in determining whether to grant equitable relief. The Alabama Supreme Court agreed. Because a factual issue, namely whether the operation of a hog farm, constituted a nuisance, was an issue, to both property owners' legal claim and their equitable claim, the trial court properly submitted both issues to the jury. When the jury found that there was no nuisance, the trial court was bound by the jury's resolution that common factual issues had determined whether to grant equitable relief. As a result, the Alabama Supreme Court reversed and remanded the trial court's decision of injunctive relief against the hog farm operators. In *Ex parte Thorn*, 788 So.2d 140 (Ala. 2000), a petition for writ of mandamus was filed in the Supreme Court and directed to the Montgomery Circuit Court to strike, as to the theory of piercing the corporate veil, the plaintiff, Raymond Victor Bethel's jury demand and to separate or sever that aspect of the case for trial before the judge. The Alabama Supreme Court granted the writ of mandamus.

In April 1998, Bethel sued Diesel Repower as its president, Rex Thorn, alleging breach of contract, fraud, fraudulent suppression and negligence. Bethel's allegations arose out of two

6

contracts between him and Diesel. The first contract was for Bethel's purchase of a marine engine and transmission and the second was for Bethel's purchase of three generators. Bethel claimed that he never received from Diesel the engine, transmission or any of the generators that he says he purchased and paid for in full.

Later, Bethel filed an amended complaint adding a party to the case and to pierce Diesel's corporate veil. Bethel also requested a jury trial on all counts asserted in the amended or original complaint.

The Thorns and Diesel moved to sever claims seeking to pierce the corporate veil and to strike the jury demand as to those claims. The trial court denied the defendant's motions, and writ of mandamus was sought.

The doctrine of piercing the corporate veil is equitable in nature. The other claims were legal claims in which the plaintiff had the same right to a jury trial. Because both legal and equitable claims were joined in one action, and the Supreme Court directed the trial court to vacate its order denying the defendant's motion to strike the jury demand. "The legal issues first must be tried to the jury, and then the equitable issues must be tried to the court. The trial court did not abuse its discretion in denying the defendant's motion to the extent they requested a severance of the piercing of the corporate veil issues. However, the Alabama Supreme Court ordered the trial court to separate the equitable issues for the purposes of trial." *Ex parte Thorn*, at 145.

In *Eason v. Bynon*, 781 So.2d 238 (Ala. 2000), Mary Ellen Eason lives in the home place that she, her brother, Leo, and her sister, Elizabeth Eason Hardiman, inherited from their parents. Ms. Eason is seventy-five years old and has a ninth grade education.

In 1988, Leo was charged with murder. Bynon, a lawyer, agreed with Leo to defend him in

7

a criminal prosecution for a fee of $25,000. Leo agreed to sign a $25,000 note to be secured by a real estate mortgage on the home place he owned with his sisters. The facts are conflicting, but on December 7, 1988, Eason had Leo sign a mortgage note with an acknowledgment by Bynon's secretary as notary. However, Ms. Eason claimed she did not know the documents her brother was signing was a mortgage and that a notary was not present at the time of execution of the documents.

In 1998, Robert Bynon sued Mary Ellen Eason in a five-count complaint for his legal fees of $25,000. Bynon did not demand a jury trial. Eason filed a *pro se* answer denying the allegations, asserting that the mortgage was invalid and demanding a jury trial. The circuit court concluded that the counts were causes of action presented on equitable issues in which Eason had no right to a trial by jury; and, therefore, the court struck the jury demand. The circuit court ultimately entered a judgment in favor of Bynon from which Eason appeals. In the case, Eason asserted a defense that the mortgage was invalid because of fraud by Bynon and a violation of a legal duty by the notary. In *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 510-511 (1959), the court held that where:

> both legal and equitable issues are presented in a civil case, "only under the most imperative circumstances . . . can the right to a trial jury of legal issues be lost through prior determination of equitable claims."

That holding, of course, applies whether the trial judge chooses to characterize the legal issue presented as 'incidental' to equitable issues or not. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962).

The Alabama Supreme Court held Eason's defense presented disputed questions of fact that she was entitled to have a jury resolve. Eason's defense raised pivotal questions in the case: the validity of the mortgage. In *Pugh v. Calloway*, 295 Ala. 139, 325 So.2d 135 (1976) (holding that when plaintiff sought to enjoin the defendant from going on land, the "pivotal question" in the case was the ownership of the land and the defendant was entitled to a jury trial on that issue,

8

notwithstanding the plaintiff's request for equitable relief). In *Eason, id.,* the resolution of the equitable issue (whether the trial court should reform the legal description in the mortgage) was necessarily dependent on the resolution of the legal issue (whether the mortgage was valid). Therefore, the Supreme Court reversed and remanded the cause and held Eason was entitled to a jury trial on her defense that the mortgage was invalid because of fraud by the attorney and violation of a notary's legal duty.

### ARGUMENT

Plaintiff has made legal and equitable claims against AmSouth. Pursuant to the Constitution of the State of Alabama, Plaintiff has a right to a jury trial on his claims that involved purely legal claims. As a result, the questions of fact, to his legal and equitable claims, must be decided first by a jury and once those factual findings are made, the trial judge must determine the remaining equitable issues.

As a result, Plaintiff respectfully requests this Honorable Court to deny AmSouth's Motion to Strike Jury Demand.

Respectfully submitted,

_____
TED L. MANN
Attorney for Plaintiff,
Robert Bowen

9

OF COUNSEL:

Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, AL 35209
(205) 879-9661

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

Keith Thomas, Esq.
P. O. Box 830899
Tuskegee, AL 36083

James E. Fleenor, Jr., Esq.
Harlan F. Winn, III, Esq.
Michael J. Clemmer, Esq.
Battle, Fleenor, Green, Winn & Clemmer, LLP
505 N. 20th St., Ste. 1150
Birmingham, AL 35203

This the 14th day of **March**, 2005.

_____
OF COUNSEL