IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

CIVIL ACTION NUMBER _____

ASHWIN ALLEN PATEL, an individual

   Plaintiff,

vs.

AMERICAN MEDICAL SECURITY, a corporation; UNITED WISCONSIN LIFE INSURANCE COMPANY, a corporation; AMSOUTH BANK, N.A., an Alabama Corporation with its principle place of business in Birmingham, Alabama; LONNIE CORRELL, an individual; No. 1, whether singular or plural, that entity who or which sold to plaintiff the insurance policy (group number 2400-002742) made the basis of the lawsuit; No. 2, whether singular or plural, that entity who or which, as an agent, sold to the plaintiff the insurance policy (group number 2400-002742) made the basis of the lawsuit; No. 3, whether singular or plural, plaintiff hereby intending to designate that certain insurance agency which, through its agents or otherwise, sold plaintiff the insurance policy (group number 2400-002742) made the basis of the suit; No. 4, whether singular or plural, that entity who or which, through agents or otherwise, marketed to plaintiff the insurance policy (group number 2400-002742) on or before the filing of the lawsuit; No. 5, whether singular or plural, plaintiff hereby intending to designate that certain insurance company which issued, insured, or participated in the matters alleged herein; No. 6, whether singular or plural that individual or those individuals, that entity or those entities, who or which misrepresented to plaintiff insurance premiums and/or coverage made the basis of the lawsuit; No. 7, whether singular or plural, that entity who or which was a representative, managing general agent, agent and/or underwriter for any insurance company which in any way may be involved with plaintiff insurance policy (group number 2400-002742); No. 8, whether singular or plural, that person, firm or corporation, who or which assisted or contributed in any way to the misrepresentations and/or concealment perpetrated against plaintiff; No. 9, whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; and No. 10, whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein. (Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiff at the time or, if their names are known to plaintiff at the time, their identities as proper party defendants are not known to the plaintiff at the time, and their true names will be substituted by amendment when ascertained),

   Defendants.



## SUMMONS

The service by certified mail or by Sheriff of the Summons and attached Complaint and discovery papers is initiated upon the written request of Plaintiff' attorney pursuant to the Alabama Rules of Civil Procedure upon the following Defendants:

**AMERICAN MEDICAL SECURITY, INC.**
P. O. Box 19032
Green Bay, Wisconsin 54307-9032

**UNITED WISCONSIN LIFE INSURANCE COMPANY**
c/o The Corporation Company
2000 Interstate Park, Ste. 204
Montgomery, Alabama 36109



**LONNIE CORRELL**
c/o LONNIE CORRELL INSURANCE AGENCY
294 West Main Street
Ste. 102
Dothan, Alabama 36301

**AMSOUTH BANK, N.A.**
1901 6th Avenue North
Birmingham, Alabama  35203

## NOTICE TO DEFENDANTS

The complaint which is attached to the Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the complaint to PITTMAN, HOOKS, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, 2001 Park Place North, Birmingham, Alabama, 35203.  THER ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THER SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your answer with the Clerk of the Court within a reasonable time afterward.

Dated: _____

_____
Clerk

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

EUFAULA DIVISION

CIVIL ACTION NUMBER _____

ASHWIN ALLEN PATEL, an individual

        Plaintiff,

vs.

AMERICAN MEDICAL SECURITY, a corporation; UNITED WISCONSIN LIFE INSURANCE COMPANY, a corporation; AMSOUTH BANK, N.A., an Alabama Corporation with its principle place of business in Birmingham, Alabama; LONNIE CORRELL, an individual; No. 1, whether singular or plural, that entity who or which sold to plaintiff the insurance policy (group number 2400-002742) made the basis of the lawsuit; No. 2, whether singular or plural, that entity who or which, as an agent, sold to the plaintiff the insurance policy (group number 2400-002742) made the basis of the lawsuit; No. 3, whether singular or plural, plaintiff hereby intending to designate that certain insurance agency which, through its agents or otherwise, sold plaintiff the insurance policy (group number 2400-002742) made the basis of the suit; No. 4, whether singular or plural, that entity who or which, through agents or otherwise, marketed to plaintiff the insurance policy (group number 2400-002742) on or before the filing of the lawsuit; No. 5, whether singular or plural, plaintiff hereby intending to designate that certain insurance company which issued, insured, or participated in the matters alleged herein; No. 6, whether singular or plural that individual or those individuals, that entity or those entities, who or which misrepresented to plaintiff insurance premiums and/or coverage made the basis of the lawsuit; No. 7, whether singular or plural, that entity who or which was a representative, managing general agent, agent and/or underwriter for any insurance company which in any way may be involved with plaintiff insurance policy (group number 2400-002742); No. 8, whether singular or plural, that person, firm or corporation, who or which assisted or contributed in any way to the misrepresentations and/or concealment perpetrated against plaintiff; No. 9, whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; and No. 10, whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein. (Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiff at the time or, if their names are known to plaintiff at the time, their identities as proper party defendants are not known to the plaintiff at the time, and their true names will be substituted by amendment when ascertained),

        Defendants.

## COMPLAINT

### Factual Allegations

1.    On or about April, 1996, Defendant, LONNIE CORRELL, (hereinafter "CORRELL") while acting within the line and scope of his employment as an agent, servant, and/or employee of defendants, American Medical Security (hereinafter "AMS"), and/or United Wisconsin Life Insurance Company (hereinafter "UNITED WISCONSIN"), and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, sold to plaintiff, ASHWIN ALLEN PATEL, (hereinafter "PATEL") a policy of health insurance, group number 2400-002742 in Barbour County, Alabama.   At the time plaintiff applied for and agreed to purchase the referenced health insurance policy, it was represented to him by defendant, CORRELL, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, while acting within the line and scope of their employment as agents, servants, representatives, and/or employees of defendants, AMS, UNITED WISCONSIN, and/or one or more of the fictitious party defendants listed and described in the caption herein above, that his health insurance policy was a group policy which would help keep premiums at a lower level and that any increase in the premiums in the future would have to be equally increased over all the group policyholders at the same rate.   It was suppressed from plaintiff by defendants that, as it relates to premium increases, the only members of the plaintiff' group policy was the plaintiff.  Upon information and belief, the defendants also employed a tier rating system. The fact was also suppressed from the plaintiff. Plaintiff, PATEL, in reasonable reliance upon the aforesaid representations, purchased said policy of health insurance.

2.    On or about April 26, 1997, plaintiff received notice from defendant, AMS that the premium for his health insurance would increase from $92.88 per month to $120.28 per month.

3.    The representations and/or concealment by the defendants, AMS, UNITED WISCONSIN, AMSOUTH BANK, N.A. (hereinafter "AMSOUTH"), CORRELL, and/or one or more of the fictitious party defendants listed and described in the caption herein above, were of material facts, were false, reckless and/or wanton and known to be false by the defendants, and made pursuant to a fraudulent scheme and designed to defraud the plaintiff.

4.    Defendants have engaged in similar improper and fraudulent conduct on other occasions both prior to and subsequent to the dates mentioned above.  The aforementioned defendants have exhibited a pattern or practice of similar conduct on occasions other than those set out above.

5. .    At all times pertinent hereto, the subject health insurance policy was set up through an Alabama discretionary trust called the "Prescription for Good Health Trust."

6.    On information and belief, defendant, AMSOUTH, served as trustee for said trust.

Causes of Action

Breach of Contract

7.    Plaintiff hereby realleges and reavers the allegations and averments contained in paragraphs 1 through 6 of the complaint the same as if here again set out in both letter and number.

8.    The defendants, AMS, UNITED WISCONSIN, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, breached their agreement with plaintiff pursuant to the above-stated policy of insurance by their conduct as above described.

9.    As a proximate result of the breach of contract by the defendants as set out above, the plaintiff was caused to suffer economic loss and severe mental anguish and emotional distress.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of the court, to be determined by a jury,

which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of the proceeding.

<u>Negligent, Reckless, Wanton Conduct</u>

10.    Plaintiff hereby realleges and reavers the allegations and averments contained in paragraphs 1 through 9 of the complaint the same as if here again set out in both letter and number.

11.    Plaintiff avers that the aforementioned conduct of the defendants, AMS, UNITED WISCONSIN, AMSOUTH, CORRELL, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, was negligent, reckless and/or wanton.

12.    As a proximate consequence of the negligent, reckless and/or wanton conduct of the defendants, AMS, UNITED WISCONSIN, AMSOUTH, CORRELL, and one or more of the fictitious party defendants listed and described in the caption hereinabove, plaintiff was caused to suffer economic loss and severe mental anguish and emotional distress.

13.    Specifically, plaintiff contends that defendants negligently, recklessly, and/or wantonly breached their duty of good faith and fair dealing with the plaintiff resulting in the above described damages.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of the court, to be determined by a jury, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of the proceeding. Further, plaintiff requests that the jury selected to hear the case render a verdict for plaintiff and against each defendant, and that it award damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar

wrongful acts.

## Fraud

14.    Plaintiff hereby realleges and reavers the allegations and averments contained in paragraphs 1 through 13 of the complaint the same as if here again set out in both letter and number.

15.    That the foregoing representations made by defendants, AMS, UNITED WISCONSIN, CORRELL, and/or one or more of the fictitious party defendants, to plaintiff were misrepresentations of material fact, made willfully to deceive, or recklessly without knowledge, and relied upon by plaintiff to their detriment, so as to constitute fraud under Ala. Code § 6-5-101 (1975).

16.    That the foregoing representations of material fact were made with a present intent to deceive, and that at the time the misrepresentations were made by defendants, said defendants intended not to perform.  Said misrepresentations were relied upon by plaintiff so as to constitute promissory fraud under Ala. Code § 6-5-101 (1975).

17.    That the foregoing representations made by defendants to plaintiff were willful misrepresentations of material facts made to induce plaintiff to act, and upon which plaintiff acted to her detriment, or fraudulent or reckless misrepresentations of material fact, so as to constitute deceit and fraudulent deceit under Ala. Code §§ 6-5-103 and 6-5-104 (1975).

18.    As a proximate consequence of the misrepresentations made by defendants to plaintiff, the plaintiff purchased said policy of insurance to her detriment, thereby causing economic loss and extreme emotional distress and mental anguish.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of the court, to be determined by a jury,

which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of the proceeding. Further, plaintiff requests that the jury selected to hear the case render a verdict for plaintiff and against each defendant, and that it award damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### Suppression

19.    Plaintiff hereby realleges and reavers the allegations and averments contained in paragraphs 1 through 18 of the complaint the same as if here again set out in both letter and number.

20.    Plaintiff further alleges that defendants, AMS, UNITED WISCONSIN, CORRELL, and/or one or more of the fictitious party defendants, listed and described in the caption hereinabove, intentionally, recklessly, or negligently failed to disclose certain material information, as described above, to plaintiff.

21.    The aforesaid failure to disclose material information was done consciously, deliberately, oppressively, intentionally, fraudulently, and/or wantonly.

22.    The defendants, AMS, UNITED WISCONSIN, CORRELL, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were under a duty, because of the circumstances in the particular case or because the law implies a duty, to communicate material facts hereinabove mentioned to the plaintiff.

23.    That the foregoing wrongful conduct by the defendants, AMS, UNITED WISCONSIN, AMSOUTH, CORRELL, and/or one or more of the fictitious parties listed and described in the caption hereinabove, constitutes suppression of material facts that the defendants were under an

obligation to communicate to the plaintiff, so as to constitute fraudulent suppression under Ala. Code § 6-5-102 (1975).

24.     As a proximate consequence of the aforementioned suppression, plaintiff was caused to suffer economic loss and extreme emotional distress and mental anguish.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of the court, to be determined by a jury, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of the proceeding. Further, plaintiff requests that the jury selected to hear the case render a verdict for plaintiff and against each defendant, and that it award damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

## Breach of Fiduciary Duty

25.     Plaintiff hereby realleges and reavers the allegations and averments contained in paragraphs 1 through 24 of the complaint the same as if here again set out in both letter and number.

26.     The defendants, AMS, AMSOUTH, and one or more of the fictitious party defendants listed and described in the caption hereinabove, were in a position of trust, confidence, and superior knowledge in relation to plaintiff and for those reasons, among others, owed plaintiff a fiduciary duty.

27.     The defendants breached their fiduciary duty by misrepresenting and suppressing material facts as described above, by failing to provide adequate insurance coverage to plaintiff, by charging excessive premiums, or allowing excessive premiums to be charged, and by raising, or

allowing to be raised, plaintiff's insurance premiums in a manner wholly inconsistent with the way the policy was marketed and sold to the plaintiff.

28.    As a proximate consequence of the defendants' breach of their fiduciary duty, plaintiff was caused to suffer economic loss, and extreme emotional distress and mental anguish.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of the court, to be determined by a jury, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of the proceeding. Further, plaintiff requests that the jury selected to hear the case render a verdict for plaintiff and against each defendant, and that it award damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### Negligent Training and Supervision

29.    Plaintiff hereby realleges and reavers the allegations and averments contained in paragraphs 1 through 28 of the complaint the same as if here again set out in both letter and number.

30.    At all times pertinent hereto, CORRELL, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were working as an agent under the dominion, control and/or supervision of and for defendants, AMS, UNITED WISCONSIN, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove.

31.    At all times pertinent hereto, the defendants, AMS, UNITED WISCONSIN, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, had

and undertook a duty to train and/or supervise said agents.

32.    Said defendants negligently and/or wantonly trained and/or supervised defendant, **CORRELL**, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, such that they were allowed to participate and consummate the fraudulent acts and schemes described in the complaint.

33.    As a proximate consequence of the aforesaid negligence and/or wantonness of the defendants, **AMS, UNITED WISCONSIN**, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, plaintiff was caused to suffer economic loss, and extreme emotional distress and mental anguish.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of the court, to be determined by a jury, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of the proceeding. Further, plaintiff request that the jury selected to hear the case render a verdict for plaintiff and against each defendant, and that it award damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### Negligent Procurement

34.    Plaintiff hereby realleges and reavers the allegations and averments contained in paragraphs 1 through 33 of the complaint the same as if here again set out in both letter and number.

35.    Plaintiff avers that defendant, **CORRELL**, negligently procured the health insurance policy on behalf of the Plaintiff and did so with knowledge of how the health policy was really

administered.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum in excess of the jurisdictional limits of the court, to be determined by a jury, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of the proceeding. Further, plaintiff requests that the jury selected to hear the case render a verdict for plaintiff and against each defendant, and that it award damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrongful act and which will effectively prevent other similar wrongful acts.

W. LEE PITTMAN (PIT-003)

C. CARTER CLAY (CLA-077)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, Alabama 35203
PHONE (205) 322-8880
FAX (205) 328-2711

**Plaintiff hereby demands a struck jury for the trial of this action.**

C. Carter Clay (CLA-077)

Plaintiff's Address:

1010 North Eufaula Avenue
Eufaula, Alabama 36027

## PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

**AMERICAN MEDICAL SECURITY**
P. O. Box 19032
Green Bay, Wisconsin 54307-9032

**UNITED WISCONSIN LIFE INSURANCE COMPANY**
c/o The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama  36109

**LONNIE CORRELL**
c/o Lonnie Correll Insurance Agency
294 West Main Street
Ste. 102
Dothan, Alabama  36301

**AMSOUTH BANK, N.A.**
1901 6th Avenue North
Birmingham, Alabama 35203