621 So.2d 531
18 Fla. L. Weekly D1587
(Cite as: 621 So.2d 531)

District Court of Appeal of Florida,
Second District.

The OHIO CASUALTY INSURANCE
COMPANY, Petitioner,
v.
Roger E. JACKMAN and Brower-Jackman
Insurance Agency, Inc., Respondents.

No. 93-00464.

July 9, 1993.

The Circuit Court, Lee County, R. Wallace Pack, J., issued order declaring party's out of state employees to appear for deposition and bring specified documents. Certiorari was sought. The District Court of Appeal held that: (1) employees could be required to attend deposition, and (2) employees were not required to bring documents, which were subject of protective order request which court had not considered.

Petition for certiorari granted in part, denied in part.

West Headnotes

**[1] Pretrial Procedure ☞100**
307Ak100 Most Cited Cases

Trial court did not depart from essential requirements of law by requiring party to produce nonresident employees for deposition in Florida.

**[2] Pretrial Procedure ☞130**
307Ak130 Most Cited Cases

Trial court departed from essential requirements of law in requiring employees of party validly required to attend deposition in state to bring with them specified documents; there was a timely motion for protective order regarding documents, based on work product and attorney client privilege, which trial court's order had failed to address.

*531 W. Lane Neilson of Neilson and Associates, Tampa, for petitioner.

Frank C. Alderman, III of Alderman & Ahlbrand, P.A., Fort Myers, for respondents.

Page 1

PER CURIAM.

The petitioner, Ohio Casualty Insurance Company (Ohio Casualty), seeks certiorari review of the trial court's order denying its motion for protective order. The order compels two of Ohio Casualty's out-of-state employees to appear in Florida for their depositions and to bring with them specified documents. We uphold the order insofar as it requires Ohio Casualty to produce the deponents in Florida but quash that part directing the production of documents.

[1][2] Based on this record, we cannot say that the trial court departed from the essential requirements of law in requiring Ohio Casualty to produce the nonresident individuals for deposition in Florida. The document production, however, is a different matter. Ohio Casualty's timely motion for protective order asserted objections based on work product and attorney-client privilege. [FN1] The trial court's order failed to address the objections and thereby protect the production of the privileged documents. Hence, the trial court departed from the essential requirements of law in compelling production of all the documents requested.

FN1. The deposition notices, which were titled "duces tecum," scheduled the depositions for fewer than thirty days from the date of service of the notices. Ohio Casualty should have been afforded thirty days to submit written objections to what was essentially a document request. See Fla.R.Civ.P. 1.350. We do not condone any practice that attempts to circumvent the time frames and procedures set forth in the rules.

Accordingly, we grant the petition in part and deny the petition in part. On remand, the trial court should address the cost issue previously raised by the parties.

FRANK, C.J., and DANAHY and ALTENBERND, JJ., concur.

621 So.2d 531, 18 Fla. L. Weekly D1587

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

EXHIBIT
A

621 So.2d 531
18 Fla. L. Weekly D1587
(Cite as: 621 So.2d 531)

Page 2

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

743 N.Y.S.2d 788
2002 N.Y. Slip Op. 05021
(Cite as: 295 A.D.2d 985, 743 N.Y.S.2d 788)

Page 1

C

Supreme Court, Appellate Division, Fourth
Department, New York.

Richard FRONCZAK and Georgia Fronczak,
Plaintiffs-Appellants,
v.
Joseph A. ZIZZI, Jr., M.D., et al., Defendants,
LuJean Jennings, M.D., and Buffalo Thoracic
Surgical Associates, P.C.,
Defendants-Respondents.

June 14, 2002.

Patient brought medical malpractice action against
hospital, physicians and medical staff for alleged
negligent follow up treatment following surgery
performed by a physician. The Supreme Court, Erie
County, Whelan, J., denied patient's motion to
compel hospital to produce two physicians'
assistants for depositions. Patient appealed. The
Supreme Court, Appellate Division, held that trial
court abused its discretion in denying patient's
motion to produce two assistants for depositions,
and in granting protective order with respect to
those depositions.

Ordered accordingly.

West Headnotes

**Pretrial Procedure** 💬100
307Ak100 Most Cited Cases

**Pretrial Procedure** 💬131
307Ak131 Most Cited Cases

Trial court abused its discretion in denying patient's
motion, in medical malpractice action against
doctor, to produce two physicians' assistants for
depositions, and in granting protective order with
respect to those depositions; there was a substantial
likelihood that assistants possessed information
bearing on the controversy that would assist patient
in preparing for trial, since they assisted doctor
during surgery performed on patient the day after
the initial surgery performed by another doctor and
provided follow- up care for patient.
**789 Lipsitz, Green, Fahringer, Roll, Salisbury &

Cambria LLP, Buffalo (John A. Collins of
Counsel), for Plaintiffs-Appellants.

Roach, Brown, McCarthy & Gruber, P.C., Buffalo
(J. Mark Gruber of Counsel), for
Defendants-Respondents.

*986 Present: PIGOTT, Jr., P.J., PINE, HAYES,
WISNER, and HURLBUTT, JJ.

*985 MEMORANDUM:

Supreme Court abused its discretion in denying
*986 that part of plaintiffs' motion seeking to
compel defendant Buffalo Thoracic Surgical
Associates, P.C. (Buffalo Thoracic) to produce two
physician's assistants for depositions and in granting
the cross motion of Buffalo Thoracic and defendant
LuJean Jennings, M.D. for a protective order with
respect to the depositions of those witnesses.
Plaintiffs allege in the complaint that defendants
and "the staff and personnel" of Buffalo Thoracic
were negligent with respect to, inter alia, their
"related follow up care and treatment" following the
surgery performed on Richard Fronczak (plaintiff)
by defendant Joseph A. Zizzi, Jr., M.D. Plaintiffs
established that the two physician's assistants, both
of whom were employed by Buffalo Thoracic,
assisted Dr. Jennings during surgery performed on
plaintiff the day after the surgery performed by Dr.
Zizzi and provided follow-up care for plaintiff.
Plaintiffs thus established that there is a substantial
likelihood that the physician's assistants possess
information bearing on the controversy that will
assist plaintiffs in preparing for trial (see Barbara v.
Brunswick Hosp. Ctr., 172 A.D.2d 792, 793, 570
N.Y.S.2d 980; Heil v. Nassau Hosp., 99 A.D.2d
482, 470 N.Y.S.2d 422; Gregoritsch v. Mather
Mem. Hosp., 88 A.D.2d 987, 988, 452 N.Y.S.2d 66;
see generally CPLR 3101[a][1] ). We therefore
modify the order accordingly.

*985 It is hereby ORDERED that the order so
appealed from be and the same hereby is
unanimously modified on the law by granting that
part of plaintiffs' motion seeking to compel
defendant Buffalo Thoracic Surgical Associates,
P.C. to produce two physician's assistants for
depositions and denying the cross motion of

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

743 N.Y.S.2d 788
2002 N.Y. Slip Op. 05021
**(Cite as: 295 A.D.2d 985, 743 N.Y.S.2d 788)**

defendants Buffalo Thoracic Surgical Associates,
P.C. and LuJean Jennings, M.D. and as modified
the order is affirmed without costs.

743 N.Y.S.2d 788, 295 A.D.2d 985, 2002 N.Y. Slip
Op. 05021

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

663 N.Y.S.2d 195
1997 N.Y. Slip Op. 08867
(Cite as: 243 A.D.2d 403, 663 N.Y.S.2d 195)

C

Supreme Court, Appellate Division, First
Department, New York.

Philip WEINER, Plaintiff-Respondent,
v.
JEWISH HOME AND HOSPITAL FOR AGED,
Defendant-Appellant.

Oct. 28, 1997.

Former employee brought whistleblower and age discrimination action against former employer. The Supreme Court, Carol Arber, J., granted former employee's motion to compel taking of depositions of employees. Former employer appealed. The Supreme Court, Appellate Division, held that former employee made sufficient showing that employees could offer material, relevant, and unique testimony.

Affirmed.

West Headnotes

Pretrial Procedure €═100
307Ak100 Most Cited Cases

Former employee would be permitted to take depositions of nine of his former employer's employees in whistleblowing and age discrimination action; former employee made sufficient showing that, although two executives designated by former employer as deponents had material roles in his termination, the proposed witnesses, some of whom had been his supervisors, and all of whom had regular, daily contact with him, could offer material, relevant, and unique testimony with respect to, inter alia, his relationships with other colleagues and his activities disclosing work conditions. McKinney's CPLR 3106(d).
**195 Michael Bauman, for Plaintiff-Respondent.

Franklin S. Bonem, Heather Martinez, for Defendant-Appellant.

Before RUBIN, J.P., and TOM, MAZZARELLI and ANDRIAS, JJ.

Page 1

MEMORANDUM DECISION.

*403 Order, Supreme Court, New York County (Carol Arber, J.), entered April 16, 1997, which, insofar as appealed from, granted **196 plaintiff's motion to compel the taking of depositions of nine of defendant's employees, unanimously affirmed, without costs.

Plaintiff made a sufficient showing that, although the two executives designated by defendant pursuant to CPLR 3106(d) had material roles in his termination, the proposed witnesses, some of whom were his supervisors, and all of whom had regular, daily contact with plaintiff, could offer material, relevant and unique testimony with respect to, inter alia, plaintiff's *404 relationships with other colleagues and his activities disclosing the work conditions at defendant, which are pertinent to this whistleblower/age discrimination action (see Rattner v. Planning Comm. of Pleasantville, 110 A.D.2d 840, 487 N.Y.S.2d 873). We have considered defendant's remaining contentions and find them to be without merit.

663 N.Y.S.2d 195, 243 A.D.2d 403, 1997 N.Y. Slip Op. 08867

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works