## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| ROBERT BOWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | CV-05-21 |
| AMERICAN MEDICAL SECURITY, INC.; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW the Plaintiff, Robert Bowen, and files this Supplemental Brief in Opposition to Defendant, American Medical Security, United Wisconsin Life Insurance Company and AmSouth Bank's, Motions to Dismiss and as additional grounds would state:

1. In the Plaintiff's original objection to each Defendant's Motion to Dismiss, the Plaintiff had produced copies to the Court of orders from other jurisdictions in the state of Alabama wherein circuit judges had denied the defendant's motion to dismiss, with the lone exception being the plaintiff's claims for negligence and/or wantonness.

2. The Plaintiff hereby attaches as Exhibits A and B Orders from the Circuit Court of Perry County by the Honorable Jack W. Meigs and the Honorable Marvin W. Wiggins denying the Defendants' Motions to Dismiss, with the exception of the Court's granting the motion to dismiss the Plaintiff's negligence and wantonness claim. The Court's Order clearly denies the Defendants' motion to dismiss the Plaintiff's fraud claims, breach of contract and breach of fiduciary duty claims.

3. The Circuit Court of Perry County denied the Defendants' motion to dismiss the Plaintiff's fraud, fraudulent concealment, breach of contract and breach of fiduciary duty claims

despite identical arguments made by the Defendants American Medical Security, United Wisconsin Life Insurance Company and AmSouth Bank that are being made in the present case.

4. One of the grounds cited by the Defendants for dismissal of the Plaintiff's fraud, fraudulent concealment, breach of contract and breach of fiduciary duty claims is the Defendants' alleged expiration of the statute of limitations. In addition to the tolling of the statute of limitations that the Plaintiff has previously argued in its initial reply to the Defendants' Motion to Dismiss, the Plaintiff directs the Court's attention to the fact that all claims made by the Plaintiff against the Defendants arising from the sale and servicing of this policy have been tolled by virtue of the filing of a class action in the Circuit Court of Montgomery County, Alabama. In *Vivian Gadson v. United Wisconsin Life, American Medical Security and AmSouth Bank*, a class action was filed on June 11, 2002. This class action alleged that the class was composed of all holders of certificates of insurance whose insurance coverage was issued through United Wisconsin Life Insurance Company by American Medical Security and/or AmSouth Bank. Of course, the class action involved medical insurance issued by or through the Defendants. The Plaintiff was a member of the class action until the Plaintiff opted out on August 11, 2004.

5. The United States Supreme Court has clearly held in *Crown, Cork & Seal, Inc. v. Parker*, 462 U.S. 345 (1983) that the limitations periods for class members is equitably tolled in connection with a class action that extends to those class members who elect to opt out of the Rule 23(b)(3) class action during the time that the class action is pending. In other words, the Plaintiff's claims are equitably tolled for the period of time that the class is pending up until the class member elects to opt out of the class action. As the United States Supreme Court stated in *American Pipe & Constr. Co., et al. v. Utah*, 414 U.S. 538:

> Thus, the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs.

*Id.* 551.

6. This clear and unequivocal statement from the United States Supreme Court provides protection to all members of the class once the class action is filed so as to toll the statute of limitations as to all parties who subsequently participate in the suit, by election to participate in class benefits or election to opt out therefrom. The United States Supreme Court has held that the tolling of the statute of limitations is the fairest method to handle individual claims affected by a person's membership in a class action. The Court stated:

> We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.

*American Pipe & Constr. Co., et al. v. Utah*, 414 U.S. 538, 554.

7. There is no question that American Medical Security, United Wisconsin Life Insurance Company and AmSouth Bank were parties to the *Gadson v. United Wisconsin Life* class action pending in the Circuit Court of Montgomery County, Alabama. This Court needs to look no further than the front page of the "Stipulation of Settlement and Compromise" to discern that the Defendants in this case were also defendants in the *Gadson* class action. (See Exhibit C, a copy of the front page of the Stipulation of Settlement and Compromise.)

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully asks this Court deny the Defendants' Motion to Dismiss the Plaintiff's fraud, fraudulent concealment, breach of contract and breach of fiduciary duty claims. The Plaintiff does consent to the dismissal of the negligence

and wantonness count.

                              Respectfully Submitted,

                              TED L. MANN
                              Attorney for Plaintiff,
                              Robert Bowen

OF COUNSEL:

Mann, Cowan & Potter, P.C.
2000-B SouthBridge Parkway, Suite 601
Birmingham, AL 35209
(205) 879-9661

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

Keith Thomas, Esq.
P. O. Box 830899
Tuskegee, AL  36083

James E. Fleenor, Jr., Esq.
Harlan F. Winn, III, Esq.
Michael J. Clemmer, Esq.
Battle, Fleenor, Green, Winn & Clemmer, LLP
505 N. 20th St., Ste. 1150
Birmingham, AL 35203

Ricky J. McKinney, Esq.
D. Brian O'Dell, Esq.
Christian W. Hancock, Esq.
Burr & Forman, LLP
3100 SouthTrust Tower
420 N. 20th St.
Birmingham, AL 35203

This the 19 day of **April**, 2005.

                              OF COUNSEL