IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT BOWEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO: 3:2005cv00487** |
| **AMERICAN MEDICAL SECURITY, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT AMSOUTH BANK'S MOTION TO DISMISS SECOND AMENDED AND RESTATED COMPLAINT

Defendant AmSouth Bank ("AmSouth"), pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, moves the Court for an Order dismissing it from this case because Plaintiff's Second Amended and Restated Complaint ("Second Amended Complaint") fails to state a claim against AmSouth upon which relief may be granted. In support of its motion, AmSouth shows the following:

1.     On January 31, 2005, Plaintiff filed this lawsuit against *inter alia* Amsouth. Specifically, Plaintiff sued AmSouth based on its position as "the trustee of the Prescription For Good Health Trust" (the "Trust"). (*See* Complaint, ¶6). On March 7, 2005, AmSouth filed a Motion to Dismiss the Complaint.

2.     On or about April 14, 2005, Plaintiff served the First Amended and Restated Complaint wherein Plaintiff again alleged that AmSouth was liable to Plaintiff based on its position as "the trustee of the Prescription For Good Health Trust". (*See* First Amended Complaint, ¶6). Further, Plaintiff asserted a new allegation that AmSouth was liable to Plaintiff as "the primary policy owner of the group health policy of which the Plaintiff was a participant."

(*See* First Amended Complaint, ¶6).   Amsouth filed a motion to dismiss Plaintiff's First Amended Complaint on May 3, 2005.

3.    On or about May 10, 2005, Plaintiff served a Second Amended Complaint making similar allegations against AmSouth.  On or about May 23, 2005, Defendants removed this case to this Court.

4.    Plaintiff's Second Amended Complaint against AmSouth is due to be dismissed for the reasons raised in its previous motions to dismiss filed while the case was pending in state court.  In the Second Amended Complaint, Plaintiff alleges claims against AmSouth for breach of contract and breach of fiduciary duty.  (*See* Second Amended Complaint, Counts Eight and Nine).[1]  With respect to the other counts, Plaintiff alleges the independent soliciting insurance who assisted Plaintiff in procuring the subject coverage was an employee or agent in fact of AmSouth.  This contention is completely without merit and presumably was alleged solely due to the clear statute of limitations bar presented to the fiduciary duty claim.  Simply put, Plaintiff's Second Amended Complaint fails to state a claim against AmSouth upon which relief can be granted. *Fed.R.Civ.P. Rule 12(b)(6).*

5.    The crux of Plaintiff's claims is that other defendants in the case, namely United Wisconsin Life Insurance Company ("UWLIC") and American Medical Security, Inc. ("AMS"), improperly calculated the premiums charged for group health insurance.  However, as is clearly set forth in the Prescription for Good Health Trust Agreement, AmSouth has no responsibility for administration of the MedOne health coverage at issue.  (*See* "Prescription for Good Health

---

[1] In the Second Amended Complaint, Plaintiff no longer asserts a claim for negligence and wantonness, which was Count Six in the Complaint, but again asserts each of the other claims contained in the Complaint; consequently, Counts Seven, Eight, and Nine of the Complaint are now Counts Six, Seven and Eight in the Second Amended Complaint.

Trust Agreement," attached hereto and referred to herein as Exhibit 1).[2]  Indeed, AmSouth has no discretionary authority whatsoever. *Id.*   Consequently, Plaintiff's claims based upon calculation of his premiums should be dismissed.

6.    Moreover, Alabama's statute of limitations for breach of fiduciary duty is two years. ALA. CODE. 6-2-38(1); *Casassa v. Liberty Life Ins. Co.,* 949 F. Supp. 825, 828 (M.D. Ala. 1996).  The fiduciary duty claim against AmSouth in this case is clearly time-barred because the coverage at issue was procured in November, 1995. *See* Second Amended Complaint, ¶5. Plaintiff did not file the Complaint in this case until January 31, 2005, well after the statute of limitations had expired on his purported claim against AmSouth.

7.    Plaintiff's claim for breach of contract against AmSouth is also due to be dismissed.  Plaintiff alleges AmSouth "had obligations to the participants to <u>provide</u> group health insurance" under the trust agreement and that AmSouth "failed to provide group health insurance to the Plaintiff. . . ." (Second Amended Complaint, Count Nine) (emphasis added).

8.    In order to state a viable cause of action for breach of contract, a plaintiff must show "(1) the existence of a valid contract binding the parties in the action, (2) plaintiff's own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Congress Life Insurance Co. v. Barstow*, 799 So. 2d 931, 937 (Ala. 2001); *see also, Ex parte Alfa Mut. Insurance Co.*, 799 So. 2d 957, 962 (Ala. 2001).

9.    The trust agreement clearly shows that AmSouth has no obligation to provide group health insurance to Plaintiff. (*See* Exhibit 1)  In particular, the trust agreement states

---

[2] The Fact that AmSouth attached a copy of the trust agreement does not convert this motion to dismiss into a motion for summary judgment.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir 2002). (Because the contract was central to the plaintiff's claim, the fact that the trial court considered the agreement does not require the conversion of defendant's motion to dismiss into a motion for summary judgment).

"[t]he purpose of this Trust is to provide insurance programs for Participants <u>through contracts issued to the Trustee by insurers or affiliates of insurers</u>." (*Id.* at 1) (emphasis added). The trust agreement further provides that "[t]he Trustee will be the holder, owner and custodian of the contracts, <u>but will not perform any administrative duties or responsibilities for such contracts</u>." (*Id.* at 1) (emphasis added). The trust agreement further provides that "[t]he Trustee will be the holder, owner and custodian of the contracts, <u>but will not perform any administrative duties or responsibilities for such contracts</u>." (*Id.* at 1) (emphasis added). Moreover, the trust agreement states that "[t]he Trustee shall not assume any responsibilities, nor be liable for collection, remittance, forwarding or payment of premium, nor shall it have any responsibility or liability to continue, renew, or replace coverage in the event of its cancellation or termination, <u>nor shall the Trustee have any duty or responsibility with respect to processing, settlement, or payment of claims under the group insurance contracts issued to Trustee</u>." (*Id.* at 2) (emphasis added).

10.     Contrary to Plaintiff's allegations, AmSouth had no obligation to "provide" group health insurance to Plaintiff based on the clear language of the trust agreement. Instead, AmSouth merely served as "the holder, owner, and custodian" of the insurance contracts. Consequently, AmSouth did not breach any alleged obligation owed to Plaintiff under the trust agreement. As such, Plaintiff's claim for breach of contract against AmSouth is due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant AmSouth respectfully requests this Court to enter an Order dismissing the Plaintiff's Second Amended and Restated Complaint.

**ORAL ARGUMENT REQUESTED**

4

Respectfully submitted,


/s/ Michael J. Clemmer
James E. Fleenor, Jr. (FLE-013)
Harlan F. Winn, III (WIN-023)
Michael J. Clemmer (CLE-029)
Attorneys for Defendant
AMSOUTH BANK

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
  WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: jfleenor@bfgwc.com
       hwinn@bfgwc.com
       mclemmer@bfgwc.com

Ricky J. McKinney (MCK030)
**BURR & FORMAN LLP**
3100 SouthTrust Tower
4420 20th Street North
Birmingham, AL 35203
Telephone: (205) 251-3000
Fax: (205) 458-5100
Email: rmckinne@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following counsel of record by electronic mail, addressed as follows:

Ted L. Mann, Esq.
Mann, Cowan & Potter, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, AL 35209
ted@mcplaw.com

On this the 31st day of May, 2005.

/s/ Michael J. Clemmer
OF COUNSEL