**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 3:05-cv-487-CSC |
| AMERICAN MEDICAL SECURITY, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REMAND**

COMES NOW the Plaintiff, Robert Bowen, and moves this Court to remand this action pursuant to 28 U.S.C. § 1447(c) back to the Circuit Court of Macon County, Alabama, where this action was filed, and in support thereof, the Plaintiff would state as follows:

## I. INTRODUCTORY STATEMENT OF FACTS/PROCEDURAL HISTORY

1. This action was filed on January 31, 2005 in the Circuit Court of Macon County, Alabama.

2. The Summons and Complaint were served on the Defendants American Medical Security, Inc. (hereinafter "AMS"), United Wisconsin Life Insurance Company (hereinafter "UWLIC") and AmSouth Bank, N.A. (hereinafter "AmSouth") on February 2, February 5 and February 2, 2005, respectively.

3. On March 7, 2005, the Defendants filed motions to dismiss the Plaintiff's claims under Rule 12(b)(6) of the Alabama Rules of Civil Procedure.

4. On March 14, 2005, the Plaintiff served objections and a brief in opposition to the

Defendants' motions to dismiss.

5. On April 28, 2005, a hearing was held in the Circuit Court of Macon County, Alabama on the Defendants' motions to dismiss. At this hearing, and in their motions, the Defendants argued that the Plaintiff had no claims against any Defendant, including AmSouth, for fraud, breach of contract, concealment, negligence, wantonness or breach of fiduciary duty. At said hearing, the Honorable Howard F. Bryan indicated from the bench that the Court would deny the Defendants' motions to dismiss with the exception of the Plaintiff's negligence and wantonness count, to which the Plaintiff conceded dismissal. At said hearing, Judge Bryan asked the parties to submit a proposed order denying the motions to dismiss as to the Plaintiff's fraud, concealment, breach of contract and breach of fiduciary duty claims and granting the motion to dismiss on the Plaintiff's negligence and wantonness claims.

6. On May 10, 2005, counsel for the Defendants submitted to the undersigned a proposed order that was to be entered by the circuit court. (See Exhibit A.)

7. Before the Circuit Court of Macon County, Alabama could enter the order denying the Motions to Dismiss as to the Plaintiff's fraud, concealment, misrepresentation, breach of contract and breach of fiduciary duty claims, the Defendants removed this action to the United States District Court for the Middle District of Alabama, Eastern Division.

8. In their Notice of Removal, the Defendants AMS and UWLIC contend that the Plaintiff fraudulently joined AmSouth and that the requisite jurisdictional amount is established. The Defendants' removal did not occur until May 23, 2005, more than thirty days beyond their initial receipt of the Summons and Complaint in this action.

## II. THE PLAINTIFF'S CLAIMS AND THE PROCEDURAL HISTORY OF A STATEWIDE CLASS ACTION AGAINST AMS, UWLIC AND AMSOUTH

9. This lawsuit arises from the Plaintiff's participation as a group health insurance policyholder under a group trust insurance arrangement established by the Defendant AmSouth and the trust participants. (See trust agreement attached as Exhibit B.)

10. On March 31, 1994, AmSouth entered into a trust agreement entitled "Prescription for Good Health Trust Agreement." The trust agreement was signed by an officer and representative of AmSouth. AmSouth was designated as the trustee and "policyowner" of all insurance documents and contacts procured for certificate holders through UWLIC and AMS. AMS was delegated the role of administrator of the trust arrangement. (See Exhibit B.) According to the trust agreement, AmSouth was to procure group health insurance for the participants. (Exhibit B.) AmSouth has made group applications to UWLIC requesting issuance of a group health policy to AmSouth. (Exhibit C.) The "group policy" issued to AmSouth named AmSouth as trustee of the "Prescription for Good Health Trust" and stated that AmSouth, as trustee, had to approve participants in the trust by acceptance of group insurance applications. (Exhibit D.)

11. Pursuant to the trust agreement, AmSouth agreed, *inter alia*: (a) to accept the agreement as a trust arrangement, (b) to procure for the participants a group health insurance policy, (c) to act as holder of the group insurance contacts, (d) to sign contract applications, and (e) to act as policyowner of all documents. (See Exhibit B.)

12. The Defendants AMS and UWLIC, as removing parties, have indicated that AmSouth had no responsibility with regard to the setting of premiums for the group health insurance policies issued pursuant to the trust arrangement. **No such prohibition or statement appears in the trust**

**agreement.** Paragraph 3 of the trust agreement simply states that AmSouth did not assume any responsibilities for the "collection, remittance, forwarding or payment of premium. . . ." Nowhere in the trust agreement does it state that AmSouth would not play a role in the determination of premiums to be charged under the group trust arrangement. To suggest otherwise is to engraft language in the agreement that simply does not exist. (See Exhibit B.)

13. AmSouth, as trustee and policyowner, also received compensation for its participation in the group trust agreement. (Exhibit E.) **Nothing in the group trust agreement obviates AmSouth's obligation as trustee to communicate information regarding the policies, contracts, premiums, or other related matters, to certificate holders who participate in the trust.** (See Exhibit B.) In 1998, the U. S. Department of Labor made certain inquiries of AmSouth, as trustee of the "Prescription for Good Health Trust," including whether "premiums increased for all participants?" (Exhibit F.) AmSouth underlined the word "custodian" but AMS has consistently referred to this trust as a "discretionary trust." (Exhibit G.)

14. The Plaintiff purchased health insurance pursuant to the Prescription for Good Health Trust arrangement from AMS, UWLIC and AmSouth. (See Complaint, First Amended Complaint and Second Amended Complaint.) The Plaintiff alleges that he was told that he was buying group health insurance coverage and that premiums would be based on group rates – not individual risk factors. (See Complaint, First Amended Complaint and Second Amended Complaint.) The Complaint alleges that the Plaintiff received notification in a class action filed against AMS, UWLIC and AmSouth that these Defendants were, in fact, using individual risk factors to assess premiums against the Plaintiff. (See Complaint, First Amended Complaint and Second Amended Complaint.) It was the receipt of a class notice in *Vivian Gadson v. United Wisconsin Life Ins. Co., American*

*Medical Security and AmSouth Bank,* in the Circuit Court of Montgomery County, Alabama, CV-02-1601, that provided notification to the Plaintiff that the Defendants had engaged in a practice called "tier rating."[1] According to John McBain, former consulting actuary for the state of Alabama Insurance Department, tier rating is a practice that is not condoned in the state of Alabama. Mr. McBain testified (in a case the undersigned handled against another insurance carrier that engaged in this practice) tier rating would not be condoned and that the use of individual risk factors to assess group health insurance premiums would not be group insurance. (See Exhibit H, McBain testimony, pp. 79-88 of *Ora Ruffin v. Congress Life Ins. Co., et al.*, in the Circuit Court of Choctaw County, Alabama, CV-2000-10-C.) Therefore, the Plaintiff in this case alleged that, once notified of the practice of tier rating, he initiated his lawsuit within the applicable statute of limitations for each claim made in this lawsuit.

15. As stated above, AMS, UWLIC and AmSouth are Defendants in a class action filed in the Circuit Court of Montgomery County, Alabama which purports to cover all certificate holders of the "Prescription for Good Health Trust" in Alabama and Georgia. The class notice is dated June 8, 2004. Therefore, the Plaintiff could not have received this notice any earlier than June 8, 2004. The Plaintiff exercised his opt out rights provided in the class notice on August 11, 2004. (See opt out notice, Exhibit I.)

16. The class notice in the *Gadson* class action provided a brief description of the claims against AMS, UWLIC and AmSouth as follows:

---

[1] Tier rating targets individuals in a group for individual premium increases based on their individual health or claim factors. This results in a "death spiral" of premiums with the intended outcome of forcing the insured to drop their policy. This oftentimes leaves the insured uninsurable.

> This case involves an action commenced against Defendants, United Wisconsin Life Insurance Company; American Medical Security, Inc.; Prescription for Good Health Trust; and AmSouth Bank by an individual who purchased or renewed in Alabama or Georgia a certificate of medical insurance from United Wisconsin Life Insurance Company which was not issued as a small group coverage or under any other employer-sponsored group health plan. Plaintiff alleges that Defendants breached the fiduciary duties owed to Plaintiff and the class and also misrepresented certain attributes of the insurance coverage.[2]

(See Class Notice, Exhibit J.) As consideration extended to the Defendants, including AmSouth, the Defendants were to receive a complete release from any and all claims that could be brought in relation to the sales presentation or premium renewals related to group policies sold under the Prescription for Good Health Trust.

17. The *Vivian Gadson v. United Wisconsin Life Ins. Co., American Medical Security and AmSouth Bank, et al.* class action was filed on June 11, 2002. (See Exhibit K, SJIS case action summary).

18. In the Complaint made the basis of this lawsuit, the Plaintiff states that the Defendants, including AmSouth, while acting in their corporate capacities and through their agents, misrepresented the nature of the group health insurance policy sold to the Plaintiff and engaged in a tier rating practice which violates Alabama insurance regulations and the Alabama Insurance Code. (See Complaint, First Amended Complaint and Second Amended Complaint.) In so doing, the Plaintiff asserted that he could not learn that the premiums were increased with individual criteria until the Plaintiff received notification of the class action filed in *Gadson v. American Medical Security, et al.*, CV-02-1601. (See paragraph 9 of Second Amended Complaint.)

19. In the Complaint, First Amended Complaint and Second Amended Complaint, the

---

[2] The class complaint, as amended, makes claims for fraud (active and concealment) breach of fiduciary duty and breach of contract against AmSouth.

Plaintiff clearly makes claims against AmSouth for fraud, suppression, active misrepresentations, breach of contract and breach of fiduciary duty. These claims were sufficiently plead because the Defendants never filed a motion for more definite statement and, in their notice of removal, addressed each claim made against AmSouth that they contend is fraudulent.

20. AmSouth is an Alabama corporation because its principal place of business is in Jefferson County, Alabama. AmSouth was not fraudulently joined.

21. The Plaintiff is a resident of Alabama and was so when the Complaint was filed.

22. This action was not timely removed under 28 U.S.C. § 1446(b).

23. The Defendants have failed to prove the requisite jurisdictional amount in controversy.

24. For the reasons stated herein and in the accompanying brief, the Plaintiff requests that this action be remanded back to the Circuit Court of Macon County, Alabama from it which was improvidently removed.

s/Ted L. Mann
Ted L. Mann
AL State Bar No.: ASB-2219-N36T
Attorney for Plaintiff, Robert Bowen
Mann, Cowan & Potter, P.C.
2000-B SouthBridge Pkwy., Ste. 601
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663
E-mail: ted@mcplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Thomas, Esq.
P. O. Box 830899
Tuskegee, AL 36083

James E. Fleenor, Jr., Esq.
Harlan F. Winn, III, Esq.
Michael J. Clemmer, Esq.
Battle, Fleenor, Green, Winn & Clemmer, LLP
Financial Center, Ste. 1150
505 N. 20th St.
Birmingham, AL 35203

Ricky J. McKinney, Esq.
D. Brian O'Dell, Esq.
Christian W. Hancock, Esq.
Burr & Forman, LLP
3100 SouthTrust Tower
420 N. 20th St.
Birmingham, AL 35203

I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Fred D. Gray, Jr., Esq.
Stanley F. Gray, Esq.
Gray, Langford, Sapp
P.O. Box 830239
Tuskegee, AL 36083

Respectfully submitted,

s/Ted L. Mann

Ted L. Mann
Mann, Cowan & Potter, P.C.
2000-B SouthBridge Pkwy., Ste. 601
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663
E-mail: ted@mcplaw.com
AL State Bar No.: ASB-2219-N36T