**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT BOWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 3:05-cv-487-CSC |
| AMERICAN MEDICAL SECURITY, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO REMAND

COMES NOW the Plaintiff, Robert Bowen, and files this Supplemental Brief in Support of Plaintiff's Motion to Remand.

This case was removed by the Defendant on May 23, 2005. On the same date, the removing Defendants also removed three other identical cases. Two of these cases, *Alexander Myhand v. American Medical Security*, 3:05-cv-489-T and *Paulette Foston v. American Medical Security*, 3:05-cv-488-MEF-VPM, were removed to the United States District Court for the Middle District of Alabama, Eastern Division. The other case, *Albert Stokley v. American Medical Security*, 1:05-cv-0305-WS-L, was removed to the United States District Court for the Southern District of Alabama, Southern Division. Subsequently, on June 9, 2005, the removing Defendants removed another identical case, *Dawn Czermak v. American Medical Security*, 3:05-cv-01269-IPJ, to the United States District Court for the Northern District of Alabama, Northwestern Division.

The Plaintiffs in each of the aforementioned cases filed a Motion to Remand virtually identical to the Motion to Remand filed in the case *sub judice*.

On June 28, 2005, the Honorable Myron H. Thompson entered a remand order in *Alexander*

*Myhand v. American Medical Security* directing the clerk of the court to remand said action to the Circuit Court of Macon County, Alabama. The *Alexander Myhand* case was identical to this case in many respects. It involved similar allegations and identical Defendants, including AmSouth Bank. In his order of remand (attached as Exhibit A), Judge Thompson stated:

> The court agrees with plaintiff that this case should be remanded to state court. The court agrees with plaintiff that there has been neither fraudulent joinder, *citing Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); nor fraudulent misjoinder, *citing Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

On June 28, 2005, the Honorable Inge Johnson, United States District Judge for the Northern District of Alabama, entered an order remanding *Dawn Czermak v. American Medical Security, Inc., et al.*, to the Circuit Court of Lauderdale County. Judge Johnson entered an extensive memorandum opinion in which she addressed the Plaintiff's fraud claims.[1] Judge Johnson noted that the Plaintiff alleged fraud and fraudulent concealment and she cited applicable Alabama law recognizing that the statute of limitations for fraud claims can involve an extended statute of limitations due to the Plaintiff's failure to discover the alleged fraud. Judge Johnson noted the Defendants' failure to carry its burden of proof that AmSouth Bank was fraudulently joined. In analyzing the Plaintiff's Motion to Remand, Judge Johnson noted that the Defendants' arguments regarding the Plaintiff's alleged discovery of the alleged fraud went beyond issues related to federal court jurisdiction to encompass merits-based arguments. Judge Johnson stated:

> This court has nothing before it to determine when the plaintiff should have discovered the alleged fraud. The court considers this argument to go to the merits of the plaintiff's claim against the defendants, which is not the issue before this court. The fact that plaintiff may not ultimately prevail against any of the defendants,

---

[1] The Plaintiff's fraud claims in *Czermak v. American Medical Security* are identical to the fraud claims made in this case on behalf of the Plaintiff.

2

> including AmSouth, is not a proper inquiry for this court in considering a motion to remand. Rather, this court may only consider whether the plaintiff has the possibility of stating a valid cause of action against the nondiverse defendant. *Citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Defendant AmSouth was the holder, owner and trustee of these policies. Even assuming without deciding that the plaintiff's other claims against the defendants are barred by the various statutes of limitations, the court cannot determine when the alleged fraud became discoverable. This is a factual issue, more appropriate for a summary judgment motion than a motion to remand.
>
> At least one claim against Defendant AmSouth meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that AmSouth fraudulently concealed the type of insurance the plaintiff purchased and/or conspired with other Defendants to conceal the true nature of the policy in question, possibly states a valid cause of action.
>
> Having reviewed the allegations set forth in plaintiff's amended complaint, the court finds such allegations do state a possible cause of action against the resident defendant.

(See Exhibit B.)

On June 27, 2005, these same removing Defendants, United Wisconsin Life Insurance Company and American Medical Security, Inc., filed a "Notice of Consent to Remand" in *Albert Stokley, Jr. v. American Medical Security*, which was removed to the United States District Court for the Southern District of Alabama, Southern Division, on May 23, 2005. In the Notice of Consent to Remand (attached as Exhibit C), the Defendants admit that the ". . . arguments and evidentiary materials submitted in support of the Motion to Remand . . ." justified their consent to an order remanding the action to the Circuit Court of Choctaw County, Alabama. The Motion to Remand, supporting brief and evidentiary materials were virtually identical to those submitted in the case *sub judice*.

This Court and the United States District Court for the Northern District of Alabama have determined, in identical cases, that AmSouth Bank was not fraudulently joined in identical lawsuits.

The Defendants have admitted to the United States District Court for the Southern District of Alabama that the Plaintiff's Motion to Remand was well taken given their consent to an order remanding the case to state court.

The Plaintiff respectfully requests this Court remand this action to the Circuit Court of Macon County, Alabama.

> s/Ted L. Mann
> Ted L. Mann
> AL State Bar No.: ASB-2219-N36T
> Attorney for Plaintiff, Robert Bowen
> Mann, Cowan & Potter, P.C.
> 2000-B SouthBridge Pkwy., Ste. 601
> Birmingham, AL 35209
> Phone: (205) 879-9661
> Fax: (205) 879-9663
> E-mail: ted@mcplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Keith Thomas, Esq.
> P. O. Box 830899
> Tuskegee, AL  36083
>
> James E. Fleenor, Jr., Esq.
> Harlan F. Winn, III, Esq.
> Michael J. Clemmer, Esq.
> Battle, Fleenor, Green, Winn & Clemmer, LLP
> Financial Center, Ste. 1150
> 505 N. 20th St.
> Birmingham, AL 35203

Ricky J. McKinney, Esq.
D. Brian O'Dell, Esq.
Christian W. Hancock, Esq.
Burr & Forman, LLP
3100 SouthTrust Tower
420 N. 20th St.
Birmingham, AL 35203

I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Fred D. Gray, Jr., Esq.
Stanley F. Gray, Esq.
Gray, Langford, Sapp
P.O. Box 830239
Tuskegee, AL 36083

                Respectfully submitted,

                s/Ted L. Mann
                Ted L. Mann
                Mann, Cowan & Potter, P.C.
                2000-B SouthBridge Pkwy., Ste. 601
                Birmingham, AL 35209
                Phone: (205) 879-9661
                Fax: (205) 879-9663
                E-mail: ted@mcplaw.com
                AL State Bar No.: ASB-2219-N36T