IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT BOWEN,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )    CIVIL ACTION NO.  3:05cv487-C
                                       )                 WO
AMERICAN MEDICAL                       )
SECURITY, INC., *et al*,               )
                                       )
        Defendants.                    )

## MEMORANDUM OPINION AND ORDER

## I.  PROCEDURAL HISTORY

Plaintiff Robert Bowen ("Bowen") filed this action in the Circuit Court of Macon County, Alabama on January 31, 2005, alleging breach of contract, fraud, fraud by concealment, conspiracy, negligence and/or wantonness, breach of good faith and fair dealing, and breach of fiduciary duty against  defendants American Medical Security, Inc. ("AMS"), United Wisconsin Life Insurance Company ("UWLIC"), and Amsouth Bank ("Amsouth").

On May 23, 2005, defendants AMS and UWLIC[1] removed the case to this court solely on the basis of diversity of citizenship jurisdiction.  *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332.  Defendant Amsouth has not joined the removal.  A defendant may remove to federal court any civil action over which the court would have original jurisdiction.  28 U.S.C. §

---

[1]  The defendants assert that AMS and UWLIC have merged into one entity known as American Medical Security Life Insurance Company ("AMSLIC").

1441(a).  This court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds \$75,000.[2]  28 U.S.C. § 1332(b).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

AMS and UWLIC assert that diversity jurisdiction exists because AMS and UWLIC are foreign corporations and Bowen is a citizen of Alabama.  While AMS and UWLIC are correct that there is diversity jurisdiction between them and Bowen, there exists another defendant in this case, Amsouth.  AMS and UWLIC assert that although Amsouth is an Alabama corporation, its presence does not defeat diversity jurisdiction because Amsouth has been fraudulently joined for the purpose of destroying diversity jurisdiction.  *Notice of Removal,* ¶ 12-14, at 5.  Thus, AMS and UWLIC argue that the court should disregard the citizenship of Amsouth when determining whether the case is properly removed on diversity grounds.

The plaintiff filed a motion to remand on the basis that the notice of removal was not timely, the defendants failed to establish the requisite amount in controversy, and there is not

---

[2]  The parties dispute whether the amount in controversy exceeds \$75,000, but because the court concludes that remand is proper on diversity grounds, the court pretermits discussion of the amount in controversy issue.  However, the court notes that the mere fact that Bowen refused to admit that his damages do not exceed \$75,000 is insufficient to satisfy AMS and UWLIC's burden of establishing the requisite amount in controversy.  *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue.")

complete diversity of the parties.[3]  Bowen contends that because the defendants did not remove this case within 30 days of their receipt of the complaint in this action, their notice of removal is untimely.  *See* 28 U.S.C. §1446(b).  Bowen also asserts that the defendants have failed to establish the requisite jurisdictional amount in controversy, and thus, diversity jurisdiction is lacking.  Finally, Bowen argues that defendant Amsouth's presence defeats diversity jurisdiction because it is an Alabama corporation and is a proper party in this action.

## II.  STANDARD OF REVIEW

In examining the issue of jurisdiction upon which AMS and UWLIC premise removal, the court is mindful of the fact that federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  This court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.  When the parties disagree on the court's

---

[3]  Also pending before the court are the following motions: United Wisconsin Life Insurance Company's motion to quash, motion for protective order, motion to dismiss, motion to dismiss first amended complaint, (doc. # 2) and motion to dismiss second amended and restated complaint (doc. # 6); defendant Amsouth's motion to dismiss, motion to strike jury demand, motion to dismiss first amended complaint, (doc. # 2), motion to dismiss second amended and restated complaint (doc. # 5), and motion to strike jury demand (renewed) (doc. # 14); and plaintiff's motion to compel deposition testimony, motion to compel answers to interrogatories (doc. # 2), motion to stay (doc. # 8), and motion to remand (doc. # 10).  However, the court stayed resolution of these motions pending resolution of the plaintiff's motion to remand.

jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095.

Furthermore, removal statutes are to be narrowly construed. *See Burns, supra.* "Defendant's right to remove and plaintiff's right to choose his own forum are not on equal footing; for example, unlike the rules applied when the plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are to be construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1095. In cases removed to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the citizenship of a resident defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction. The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[4] To make this showing, the removing party must show either "[1] that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or [2] that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.*; *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Consequently, the defendant bears the heavy burden of demonstrating that removal is jurisdictionally proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

The court must evaluate all factual issues and questions of controlling substantive law

---

[4] Superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

in favor of the plaintiff. *Cabalceta*, 883 F.2d at 1561. These determinations are based on the plaintiff's pleadings at the time of removal. *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).[5] Within these parameters, after careful consideration of pleadings, the court concludes that the plaintiff's motion for remand is due to be granted.

## III. DISCUSSION

The initial issue the court must resolve is whether there exists complete diversity of citizenship in this case. Plaintiff Bowen is an Alabama resident. AMS and UWLIC are foreign corporations. Amsouth is an Alabama corporation with its principal place of business in Alabama. Thus, on the fact of the complaint, it appears that removal is precluded because the parties are not completely diverse, as Bowen and Amsouth are Alabama citizens.

However, an action may still be removable if AMS and UWLIC can demonstrate that Amsouth is fraudulently joined. AMS and UWLIC have not met their burden of demonstrating that Amsouth is fraudulently joined to defeat diversity jurisdiction. Bowen alleges that Amsouth, as Trustee for AMS and UWLIC's "Prescription for Good Health Trust Agreement," solicited the plaintiff to purchase medical health care. However, according to Bowen, Amsouth fraudulently misrepresented the terms and method of calculating health insurance policy premiums, thereby raising the premium rates based on undisclosed factors causing Bowen to be unable to afford the premiums and forcing him to cancel his policy. In the second amended complaint, Bowen asserts claims of breach of fiduciary duty against

---

[5]*See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Amsouth.

In order to establish that Amsouth is fraudulently joined, AMS and UWLIC must show that there is no possibility that the plaintiff can establish a cause of action against the in-state defendant *or* that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Cabalceta,* 883 F. 2d at 1561. The defendant's burden in this regard is "a heavy one." *Burns*, 31 F.3d at 1095. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker* 709 F.2d at 1440-41. In support of his motion to remand, Bowen submits evidentiary material containing various orders from state courts refusing to dismiss the breach of fiduciary claims against Amsouth in other similar cases. (Pl's Evid. Submissions, Doc. # 13, Ex. D). For example, in *Bradford v. American Med. Sec. Group, Inc.*, CV-03-2943 (Cir. Ct. Mtgy. Cty., Ala. 2004), the court granted "Defendant Amsouth's motion to dismiss all claims except breach of fiduciary duty." In *Britt v. American Med. Sec. et al.*, CV-03-266-H (Cir. Ct. Houston Cty., Ala. Feb. 3, 2004), the court denied Amsouth's motion to dismiss. "The claims against AmSouth arise out of its capacity as trustee over the master policy and the obligations imposed by law and the subject trust agreement. . . . As such, the Court finds that James Britt has plead facts in support of his claim that could entitle him to relief." (citations omitted). In *Budraitis v. American Med. Sec. Group, et al.*, CV-2003-122 (Cir. Ct. Crenshaw Cty., Mar. 10, 2004), the court dismissed "all claims against AmSouth Bank . . . except the claim for breach of fiduciary duty." In *Kinard, et al. v. American Med.*

6

*Sec. et al.*, CV-03-202 (Cir. Ct. Bibb Cty., Ala. Mar. 8, 2004), the court granted Amsouth's

motion to dismiss all claims except the breach of fiduciary duty. "Defendant AmSouth

Bank's Motion to Dismiss as is hereby GRANTED so that the sole remaining claim against

this defendant is breach of fiduciary duty." *Id.* In *Collins v. American Med. Sec., et al.*, CV-

03-857 (Cir. Ct. Lee Cty., Ala. Mar. 10, 2004), the court denied Amsouth's motion to dismiss

the breach of fiduciary duty claims. In *Downie, et al. v. American Med. Sec., et al.*, CV

2003-0136 (Cir. Ct. Barbour Cty, Ala. Mar. 30, 2004), the court granted "Defendant

Amsouth's motion to dismiss all claims except breach of fiduciary duty" claims. In total, the

plaintiff submitted orders from nineteen (19) state courts refusing to dismiss breach of

fiduciary duty claims against Amsouth. (Pl's Evid. Submissions, Doc. # 13, Ex. D).

Although the defendants argue that there is no possibility of the plaintiff recovering against

Amsouth, this court cannot reach that conclusion, at this stage of the litigation, especially in

light of numerous state courts finding that the breach of fiduciary duty claims should not be

dismissed.

Because the court cannot say that there is no possibility that Bowen cannot succeed

on his claims against Amsouth, the court concludes that the defendants have not met their

burden of establishing fraudulent joinder of Amsouth, the Alabama corporate defendant.

Consequently, there is not complete diversity of the parties, and the court does not have

jurisdiction over these proceedings.[6]    Accordingly it is

---

[6] Because the court concludes that it does not have diversity jurisdiction based on the parties' citizenships, the court pretermits discussion of whether the notice of removal was timely and whether the amount in controversy has been met.

ORDERED that the plaintiff's motion to remand (doc. # 10) be and hereby is GRANTED and that this case be and is hereby REMANDED to the Circuit Court of Macon County, Alabama.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Macon County, Alabama.

Done this 19th day of August, 2005.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

8